1  Michael J. Malecek (State Bar No. 171034)
   Email address:  michael.malecek@kayescholer.com
2  Peter E. Root (State Bar No. 142348)
   Email address:  peter.root@kayescholer.com
3  Stephen C. Holmes (State Bar No. 200727)
   Email address:  Stephen.holmes@kayescholer.com
4  KAYE SCHOLER LLP
   Two Palo Alto Square, Suite 400
5  3000 El Camino Real
   Palo Alto, California  94306
6  Telephone:     (650) 319-4500
   Facsimile:      (650) 319-4700
7
8  Attorneys for Defendants/Counterclaim-Plaintiffs
   Sequenom, Inc. and Sequenom Center for Molecular
   Medicine, LLC.
9

10              **UNITED STATES DISTRICT COURT**

11        **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12  VERINATA HEALTH, INC., and          )   Case No. 4:12-cv-00865-SI
    THE BOARD OF TRUSTEES OF THE        )
13  LELAND STANFORD JUNIOR              )   **ANSWER AND COUNTERCLAIMS OF**
    UNIVERSITY,                         )   **DEFENDANTS AND COUNTERCLAIM-**
14                                      )   **PLAINTIFFS SEQUENOM, INC. AND**
                                        )   **SEQUENOM CENTER FOR**
15              Plaintiffs,             )   **MOLECULAR MEDICINE, LLC.**
                                        )
16         v.                           )   **JURY TRIAL DEMANDED**
                                        )
17  SEQUENOM, INC., and                 )
    SEQUENOM CENTER FOR                 )
18  MOLECULAR MEDICINE, LLC,            )
                                        )
19              Defendants/             )
                Counterclaim-Plaintiffs, )
20                                      )
           v.                           )
21                                      )
    VERINATA HEALTH, INC., and          )
22  THE BOARD OF TRUSTEES OF THE        )
    LELAND STANFORD JUNIOR              )
23  UNIVERSITY,                         )
                                        )
24              Counterclaim-Defendants, )
                                        )
25         and                          )
                                        )
26  ISIS INNOVATION LIMITED,            )
                                        )
27              Nominal Counterclaim-   )
                Defendant.              )
28                                      )

KAYE SCHOLER LLP

## ANSWER

Defendants and Counterclaim-Plaintiffs Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC (collectively "Sequenom"), by and through their undersigned attorneys, for their answer to the Complaint of Verinata Health, Inc. ("Verinata") and The Board Of Trustees Of The Leland Stanford Junior University ("Stanford"), and for their counterclaims, allege, on knowledge as to themselves and on information and belief as to other matters, as follows:

1.      Paragraph 1 of the Complaint alleges legal conclusions to which no response is required.  To the extent a response is required, Sequenom denies the allegations of paragraph 1 of the Complaint.

2.      Paragraph 2 of the Complaint alleges Verinata's purported purpose in filing this action, to which no response is required.  To the extent a response is required, Sequenom denies that Verinata has any cognizable basis for filing the present action and denies the allegations of paragraph 2 of the Complaint.

3.      Paragraph 3 of the Complaint alleges Verinata's and Stanford's purported purpose in filing this action, to which no response is required.  To the extent a response is required, Sequenom denies that Verinata and Stanford have any cognizable basis for filing the present action and denies the allegations of paragraph 3 of the Complaint.

4.      Sequenom admits, upon information and belief, that Verinata is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business at 800 Saginaw Drive, Redwood City, California 94063, that Verinata was formerly known as Artemis Health, Inc., and that it operates a laboratory in Redwood City, California. Sequenom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 4 of the Complaint and on that basis denies those allegations.

ANSWER/COUNTERCLAIMS OF
DEFENDANTS/COUNTERCLAIM-PLAINTIFFS                        Case No. 4:12-cv-00865-SI

5.      Sequenom admits, upon information and belief, that Stanford is a trust possessing corporate powers that is organized under the laws of California, with a principal place of business at the Office of the President, Building 10 Main Quad, Stanford, California 94305.  The allegation that Stanford "is joined in the infringement action for these patents because it is a necessary party" is a legal conclusion to which no response is required.  Sequenom is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 5 of the Complaint and on that basis denies those allegations.

6.      Sequenom admits the allegations of paragraph 6 of the Complaint.

7.      Sequenom admits that Sequenom Center for Molecular Medicine, LLC, is a wholly-owned subsidiary of Sequenom, Inc., and is a Michigan Limited Liability Company with its principal place of business at 301 Michigan Street NE, Suite 580, Grand Rapids, Michigan 49503.  Except as so admitted, Sequenom denies the allegations of paragraph 7 of the Complaint.

8.      Sequenom admits that, as a San Diego-based company, Sequenom, Inc. has had and continues to have continuous and systematic contacts with the State of California, predominantly in the Southern District of California.  Sequenom admits that this Court has personal jurisdiction over Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC, and further admits that Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC conduct business in the State of California and within this District.  Except as so admitted, Sequenom denies the allegations of paragraph 8 of the Complaint.

9.      Sequenom admits that this Court has jurisdiction over federal questions pursuant to 28 U.S.C. § 1331 and over civil actions arising under the Patent Act pursuant to 28 U.S.C. § 1338.  Except as so admitted, Sequenom denies the allegations of paragraph 9 of the Complaint.

- 3 -

10.     Sequenom admits that it is subject to personal jurisdiction in this District and venue is proper in this District pursuant to 28 U.S.C. § 1391(c).  Except as so admitted, Sequenom denies the allegations of paragraph 10 of the Complaint.

11.     Sequenom admits that this action is properly assigned to any Division in this District pursuant to Civil Local Rule 3-2(c).  Except as so admitted, Sequenom denies the allegations of paragraph 11 of the Complaint.

12.     Sequenom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 12 of the Complaint and on that basis denies those allegations.

13.     Sequenom admits that Verinata's test, known as the verifi™ prenatal test, employs "techniques to analyze cell-free DNA circulating in the blood of a pregnant woman by DNA sequencing in order to determine whether a fetus is at risk of having an abnormal number of chromosomes (sometimes referred to as 'aneuploidy')."  Sequenom avers that the verifi prenatal test infringes the '540 patent.  Except as so admitted and averred, Sequenom denies the allegations of paragraph 13 of the Complaint.

14.     Sequenom admits that Verinata has publicly announced plans to start offering its prenatal test on a commercial basis in 2012, and that Verinata is and has been using its prenatal test in this District.  Sequenom avers that such activity by Verinata infringes the '540 patent.  Except as so admitted and averred, Sequenom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 14 of the Complaint and on that basis denies those allegations.

15.     Sequenom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 15 of the Complaint and on that basis denies those allegations.

16.     Sequenom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 16 of the Complaint and on that basis denies those allegations.

17.     Sequenom admits the allegations in paragraph 17 of the Complaint.

18.     As to paragraph 18 of the Complaint, Sequenom admits that it is the exclusive licensee of the '540 patent.  Verinata's allegation that Sequenom is the exclusive licensee of "all substantial rights" in the '540 patent is a legal conclusion to which no response is required.

19.     Sequenom admits that on or about August 10, 2010, its outside counsel sent a letter to Artemis Health, Inc.'s President, Richard Rava, regarding certain intellectual property, including the '540 patent, and regarding statements made in Artemis Health's website and a press release, and that Sequenom's letter speaks for itself.   Except as so admitted, Sequenom denies the allegations of paragraph 19 of the Complaint.

20.     Sequenom admits that on or about October 14, 2010, its outside counsel received a letter from outside counsel for Artemis Health, Inc., and that such letter speaks for itself. Except as so admitted, Sequenom denies the allegations of paragraph 20 of the Complaint.

21.     Sequenom admits that it has made public statements regarding the '540 patent and Verinata, Inc., and that those statements speak for themselves.  Except as so admitted, Sequenom denies the allegations of paragraph 21 of the Complaint.

22.     Sequenom admits that it has made public statements regarding the '540 patent and Verinata, Inc., and that those statements speak for themselves.  Except as so admitted, Sequenom denies the allegations of paragraph 22 of the Complaint.

23.     Sequenom admits that it has made public statements regarding the '540 patent and Verinata, Inc., and that those statements speak for themselves.  Except as so admitted, Sequenom denies the allegations of paragraph 23 of the Complaint.

KAYE SCHOLER LLP

KAYE SCHOLER LLP

24.    Sequenom admits that it has made public statements regarding the '540 patent and Verinata, Inc., and that those statements speak for themselves.  Except as so admitted, Sequenom denies the allegations of paragraph 24 of the Complaint.

25.    Sequenom admits that it has made public statements regarding the '540 patent and Verinata, Inc., and that those statements speak for themselves.  Except as so admitted, Sequenom denies the allegations of paragraph 25 of the Complaint.

26.    Sequenom admits that it has made public statements regarding the '540 patent and Verinata, Inc., and that those statements speak for themselves.  Except as so admitted, Sequenom denies the allegations of paragraph 26 of the Complaint.

27.    Sequenom admits that it has made public statements regarding the '540 patent and Verinata, Inc., and that those statements speak for themselves.  Except as so admitted, Sequenom denies the allegations of paragraph 27 of the Complaint.

28.    Sequenom admits that it has made public statements regarding the '540 patent and Verinata, Inc., and that those statements speak for themselves.  Except as so admitted, Sequenom denies the allegations of paragraph 28 of the Complaint.

29.    Sequenom admits that it is involved in actions involving the '540 patent and Aria Diagnostics, Inc. and Natera, Inc.  Except as so admitted, Sequenom denies the allegations of paragraph 29 of the Complaint.

30.    Sequenom avers that the "Verinata Test," which is now known as the verifi prenatal test, infringes the '540 patent.  Sequenom admits that there is now a substantial and actual controversy with respect to the verifi prenatal test.  Except as so admitted and averred, Sequenom denies the allegations of paragraph 30 of the Complaint.

31.    Sequenom admits that  it was the first company to market a non-invasive prenatal diagnostic test for Down Syndrome, MaterniT21™, which it launched in 2011.  Sequenom

further admits that on or about October 17, 2011, it released a press release relating to the MaterniT21 test, and that on January 25, 2012, Sequenom, Inc. filed a Motion to Dismiss or Transfer in the *Aria Diagnostics, Inc. v. Sequenom, Inc.* action, Case No. 3:11-cv-06391-SI, in which it stated, among other things, that "Sequenom is a pioneer in bringing non-invasive prenatal testing to market.  For example, in 2011, Sequenom was the first company to market a non-invasive prenatal diagnostic test for Down syndrome, MaterniT21™."  Except as so admitted, Sequenom denies the allegations of paragraph 31 of the Complaint.

32.     Sequenom admits that Sequenom Center for Molecular Medicine, LLC has made public statements regarding the MaterniT21 test, and that those statements speak for themselves.  Except as so admitted, Sequenom denies the allegations of paragraph 32 of the Complaint.

33.     Sequenom admits that Sequenom Center for Molecular Medicine, LLC has performed and continues to perform the MaterniT21 test on samples provided by healthcare providers.  Except as so admitted, Sequenom denies the allegations of paragraph 33 of the Complaint.

34.     Sequenom admits that it has encouraged and continues to encourage the Sequenom Center for Molecular Medicine, LLC to perform the MaterniT21 test.  Except as so admitted, Sequenom denies the allegations of paragraph 34 of the Complaint.

35.     Sequenom denies the allegations of paragraph 35 of the Complaint.

**ANSWER TO CLAIMS FOR RELIEF BY VERINATA AND STANFORD**

36.     As its answer to paragraph 36 of the Complaint and to Count I (By Verinata), Sequenom repeats and re-alleges paragraphs 1 through 35 above of Sequenom's Answer.

37.     Sequenom denies the allegations of paragraph 37 of the Complaint and specifically denies that Verinata is entitled to the declaration it seeks.

ANSWER/COUNTERCLAIMS OF
DEFENDANTS/COUNTERCLAIM-PLAINTIFFS                              Case No. 4:12-cv-00865-SI

38.     Sequenom denies the allegations of paragraph 38 of the Complaint and specifically denies that Verinata is entitled to the declaration it seeks.

39.     As its answer to paragraph 39 of the Complaint and to Count II (By Verinata and Stanford), Sequenom repeats and re-alleges paragraphs 1 through 38 above of Sequenom's Answer.

40.     Sequenom denies the allegations of paragraph 40 of the Complaint.

41.     Sequenom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 41 of the Complaint and on that basis denies those allegations.

42.     Sequenom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 42 of the Complaint and on that basis denies those allegations.

43.     Sequenom denies the allegations of paragraph 43 of the Complaint.

44.     Sequenom denies the allegations of paragraph 44 of the Complaint.

45.     Sequenom denies the allegations of paragraph 45 of the Complaint.

46.     Sequenom denies the allegations of paragraph 46 of the Complaint.

47.     Sequenom denies the allegations of paragraph 47 of the Complaint.

48.     Sequenom denies the allegations of paragraph 48 of the Complaint.

49.     As its answer to paragraph 49 of the Complaint and to Count III (By Verinata and Stanford), Sequenom repeats and re-alleges paragraphs 1 through 48 above of Sequenom's Answer.

50.     Sequenom denies the allegations of paragraph 50 of the Complaint.

51.    Sequenom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 51 of the Complaint and on that basis denies those allegations.

52.    Sequenom is without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 52 of the Complaint and on that basis denies those allegations.

53.    Sequenom denies the allegations of paragraph 53 of the Complaint.

54.    Sequenom denies the allegations of paragraph 54 of the Complaint.

55.    Sequenom denies the allegations of paragraph 55 of the Complaint.

56.    Sequenom denies the allegations of paragraph 56 of the Complaint.

57.    Sequenom denies the allegations of paragraph 57 of the Complaint.

58.    Sequenom denies the allegations of paragraph 58 of the Complaint.

59.    As to Verinata's and Stanford's Prayer for Relief and paragraphs A to L thereof, Sequenom denies that Verinata and/or Stanford are entitled to the relief they seek or any relief.

## AFFIRMATIVE DEFENSES

As and for its affirmative defenses in the above-captioned action, Sequenom hereby states and alleges:

### First Affirmative Defense (Failure To State A Claim)

60.    The Complaint fails to state a claim upon which relief can be granted.

### Second Affirmative Defense (Infringement of '540 Patent)

61.    Verinata's past, current, and planned activities, as alleged in the Complaint and as alleged by Sequenom in its counterclaims, have infringed and do and will infringe the '540 patent.

- 9 -

KAYE SCHOLER LLP

KAYE SCHOLER LLP

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Third Affirmative Defense (Equitable Defenses)**

62.     Verinata's claim for declaratory judgment is barred, in whole or in part, by the equitable doctrines of estoppel, waiver, and/or unclean hands.

**Fourth Affirmative Defense (Non-Infringement of '018 Patent)**

63.     Verinata and Stanford are not entitled to any relief against Sequenom because Sequenom has not infringed and is not infringing (either directly, by inducement, or contributorily) any valid and enforceable claim of the '018 patent, nor is it doing so willfully.

**Fifth Affirmative Defense (Invalidity of '018 Patent)**

64.     Each claim of the '018 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation the provisions of §§ 101, 102, 103 and/or 112.

**Sixth Affirmative Defense (Non-Infringement of '017 Patent)**

65.     Verinata and Stanford are not entitled to any relief against Sequenom because Sequenom has not infringed and is not infringing (either directly, by inducement, or contributorily) any valid and enforceable claim of the '017 patent, nor is it doing so willfully.

**Seventh Affirmative Defense (Invalidity of '017 Patent)**

66.     Each claim of the '017 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation the provisions of §§ 101, 102, 103 and/or 112.

**Eighth Affirmative Defense**

67.     Sequenom reserves the right to plead other affirmative defenses that might arise during the course of this litigation.

- 10 -

## COUNTERCLAIMS OF SEQUENOM, INC. AND

## SEQUENOM CENTER FOR MOLECULAR MEDICINE, LLC

Defendants and Counterclaim-Plaintiffs Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC (collectively "Sequenom"), upon knowledge as to their own acts and upon information and belief as to the actions of Plaintiff and Counterclaim-Defendants Verinata Health, Inc. ("Verinata") and The Board Of Trustees Of The Leland Stanford Junior University ("Stanford"), and Nominal Counterclaim-Defendant Isis Innovation Limited ("Isis") and others, by their attorneys, allege as follows:

### NATURE OF THE ACTION

1.      This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Verinata of United States Patent No. 6,258,540 (the "'540 patent"), which is exclusively licensed by Sequenom, Inc. from Isis.

2.      This is also an action for a declaration that all the claims of United States Patent Nos. 7,888,017 (the "'017 patent") and 8,008,018 (the "'018 patent") are invalid and that Sequenom's MaterniT21™ non-invasive prenatal test and Sequenom's activities related thereto have not, do not, and will not infringe, directly or indirectly, any claims of the '017 and '018 patents.

### THE PARTIES

3.      Sequenom, Inc. is a Delaware corporation with its principal place of business at 3595 John Hopkins Court, San Diego, California 92121.

4.      Sequenom Center for Molecular Medicine, LLC, is a wholly-owned subsidiary of Sequenom, Inc., and is a Michigan Limited Liability Company with its principal place of business at 301 Michigan Street NE, Suite 580, Grand Rapids, Michigan 49503.

ANSWER/COUNTERCLAIMS OF
DEFENDANTS/COUNTERCLAIM-PLAINTIFFS                           Case No. 4:12-cv-00865-SI

5.      On information and belief, Verinata is a corporation organized and existing under the laws of the State of Delaware with its principal place of business at 800 Saginaw Drive, Redwood City, California 94063.

6.      On information and belief, Verinata has conducted business and research activities relating to its infringing processes in this Judicial District, among other places.

7.      On information and belief, Stanford is a trust possessing corporate powers that is organized under the laws of California, with a principal place of business at the Office of the President, Building 10 Main Quad, Stanford, California 94305.

8.      On information and belief, Stanford is the owner and licensor of the '017 and '018 patents, has conducted business activities relating to the '017 and '018 patents in this Judicial District, and is joined in this action as a necessary party.

9.      Nominal Counterclaim-Defendant Isis is a British company whose registered office is at University Offices, Wellington Square, Oxford OX1 2JD, England.  Isis is named as a nominal counterclaim-defendant in this action for purposes of subject matter jurisdiction only and pursuant to the United States Supreme Court's holding in *Independent Wireless Tel. Co. v. Radio Corp. of Am.*, 269, U.S. 459, 468 (1926), that "[i]f the owner of a patent, being within the jurisdiction, refuses or is unable to join an exclusive licensee as coplaintiff, the licensee may make him a party defendant by process, and he will be lined up by the court in the party character which he should assume."  Sequenom requested that Isis join as a party in this action, but Isis has thus far not agreed to do so.  Although Isis is named as a nominal counterclaim-defendant, Sequenom seeks relief realigning Isis as a co-counterclaim-plaintiff.

## JURISDICTION AND VENUE

10.     This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

11.    This Court has personal jurisdiction over Verinata because Verinata's principal place of business is in the State of California and it has purposely availed itself of the privilege of conducting activities within this State and District, including filing the above-captioned action.

12.    This Court has personal jurisdiction over Stanford because Stanford's principal place of business is in the State of California and it has purposely availed itself of the privilege of conducting activities within this State and District, including filing the above-captioned action.

13.    This Court has personal jurisdiction over Isis because Isis has purposely availed itself of the privilege of conducting activities within this State and District.

14.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§1391(b) & (c) and 1400(b).

## FACTUAL BACKGROUND

### The '540 Patent, Exclusively Licensed By Sequenom

15.    Sequenom, Inc. is the exclusive licensee of the '540 patent, duly and legally issued on July 10, 2001 to the named assignee Isis, entitled "Non-Invasive Prenatal Diagnosis." A true and correct copy of the '540 patent is attached to this Answer and Counterclaims as Exhibit 1.

16.    The claims of the '540 patent relate to nucleic acid analysis and prenatal diagnosis.

17.    Sequenom is a pioneer in bringing non-invasive prenatal testing to market.  For example, in 2011, Sequenom was the first company to market a non-invasive prenatal diagnostic test for Down syndrome, MaterniT21™.

### Verinata and its verifi™ Prenatal Test

18.    On information and belief, Verinata is a molecular diagnostics company that was founded in 2002.  Verinata was previously known as Artemis Health, Inc., operates a laboratory

- 13 -

KAYE SCHOLER LLP

1    in Redwood City, California, and offers services including non-invasive prenatal testing to detect

2    genetic abnormalities by analyzing fragments of fetal DNA in a pregnant mother's blood drawn

3    during pregnancy.

4            19.     As Verinata admits in its Complaint, Verinata's non-invasive prenatal test for

5    detection of fetal aneuploidies, which the Complaint refers to as the "Verinata Test" and which is

6    now called the verifi™ prenatal test, has been and is being used in this District, among other

7    places.

8            20.     On information and belief, Verinata is using, selling, and/or offering for sale its

9    verifi prenatal test in the United States, including this District.

10           21.     Verinata's website states, among other things, that "Verinata Health, Inc. is proud

11   to offer the verifi™ prenatal test — a non-invasive prenatal test that detects multiple fetal

12   chromosomal aneuploidies using a single maternal blood draw with near-diagnostic accuracy.  If

13   you have ever wanted safer, simpler test results or wished to screen at 10 weeks instead of

14   waiting, now you can — order the verifi™ prenatal test."  Verinata's website further states:

15   "verify™ prenatal test Now Available."

16           22.     Verinata's website further states that:  "The verifi™ prenatal test utilizes cell-free

17   DNA (cfDNA) from both the patient and fetus.  Patient plasma contains more than enough fetal

18   fragments for our test.  Each sample is sequenced with millions of short reads.  The reads are

19   aligned to the human genome and counted using our proprietary SAFeR™ (Selective Algorithm

20   for Fetal Results) method.  Our CLIA lab then analyzes and classifies the sample."

21           23.     On information and belief, on February 10, 2012, Verinata made a presentation at

22   the Society for Maternal-Fetal Medicine in Dallas, TX, entitled "Genome wide fetal aneuploidy

23   detection by sequencing of maternal plasma DNA: diagnostic accuracy in a prospective, blinded,

24   multicenter study."  On information and belief, an abstract of the presentation was made

- 14 -

available as Abstract 837 in the Supplement to the January 2012 American Journal of Obstetrics & Gynecology, at page S367 ("Verinata Abstract").

24.    On information and belief, in February 2012, Verinata published a paper on-line entitled Genome-Wide Fetal Aneuploidy Detection by Maternal Plasma DNA Sequencing, by Bianchi et al., *Obstetrics and Gynecology;* 2012;2012;119:00–00, DOI: 10.1097/AOG.0b013e31824fb482 ("Verinata Paper").

25.    Based on the description of Verinata's test in the Verinata Abstract and Verinata Paper, Sequenom is informed and believes that Verinata's prenatal testing uses the methods claimed in the '540 patent.

### Verinata's and Stanford's '017 and '018 Patents

26.    The '017 patent is entitled "Non-Invasive Fetal Genetic Screening By Digital Analysis," and lists Stephen Quake and Hei-Mun Christina Fan as named inventors.  The front page of the '017 patent lists February 15, 2011, as the date of issuance, and lists "The Board of Trustees of the Leland Stanford Junior University" as Assignee.

27.    The '018 patent is entitled "Determination of Fetal Aneuploidies By Massively Parallel DNA Sequencing," and lists Stephen Quake and Hei-Mun Christina Fan as named inventors.  The front page of the '018 patent lists August 30, 2011, as the date of issuance, and lists "The Board of Trustees of the Leland Stanford Junior University" as Assignee.

28.    On information and belief, Verinata is an exclusive licensee of the '017 and '018 patents.

29.    Sequenom's activities, including but not limited to activities relating to Sequenom's MaterniT21 test, have not infringed and do not and will not infringe, directly or indirectly, by inducement or contributorily, any claims of the '017 and '018 patents.

ANSWER/COUNTERCLAIMS OF
DEFENDANTS/COUNTERCLAIM-PLAINTIFFS                    Case No. 4:12-cv-00865-SI

30.     On information and belief, the claims of the '017 patent are invalid as anticipated and/or obvious in light of prior art.  In addition, the claims of the '017 patent are not adequately described or supported, nor enabled, by the specification of the '017 patent.

31.     On information and belief, the claims of the '018 patent are invalid as anticipated and/or obvious in light of prior art.  In addition, the claims of the '018 patent are not adequately described or supported, nor enabled, by the specification of the '018 patent.

## COUNT 1

### (Infringement of United States Patent No. 6,258,540 by Verinata)

32.     Sequenom, Inc. realleges and incorporates herein by reference the allegations stated in paragraphs 1 through 67 of Sequenom's Answer and paragraphs 1 through 31 of these Counterclaims.

33.     Verinata has been and still is infringing the '540 patent by using, selling, and/or offering for sale in the United States its non-invasive prenatal test using cell-free DNA circulating in the blood of a pregnant woman, including without limitation Verinata's verifi prenatal test.

34.     On information and belief, Verinata's infringement of the '540 patent has taken place with full knowledge of the '540 patent and has been intentional, deliberate, and willful.

35.     On information and belief, Verinata will continue to infringe the '540 patent unless and until it is enjoined by this Court.

## COUNT 2

### (Non-Infringement and Invalidity of United States Patent No. 7,888,017)

36.     Sequenom realleges and incorporates herein by reference the allegations stated in paragraphs 1 through 67 of Sequenom's Answer and paragraphs 1 through 35 of these Counterclaims.

37.     Because Verinata and Stanford accuse Sequenom of infringing the '017 patent in the above-captioned action, an actual and justiciable controversy exists as to whether Sequenom infringes the '017 patent, and whether the '017 patent is valid.

38.     Sequenom seeks a judicial declaration that Sequenom's MaterniT21 test and activities related thereto have not, do not, and will not directly or indirectly infringe any claims of the '017 patent.

39.     Sequenom seeks a judicial declaration that each claim of the '017 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102, 103, and/or 112.

## COUNT 3

### (Non-Infringement and Invalidity of United States Patent No. 8,008,018)

40.     Sequenom realleges and incorporates herein by reference the allegations stated in paragraphs 1 through 67 of Sequenom's Answer and paragraphs 1 through 39 of these Counterclaims.

41.     Because Verinata and Stanford accuse Sequenom of infringing the '018 patent in the above-captioned action, an actual and justiciable controversy exists as to whether Sequenom infringes the '018 patent, and whether the '018 patent is valid.

42.     Sequenom seeks a judicial declaration that Sequenom's MaterniT21 test and activities related thereto have not, do not, and will not directly or indirectly infringe any claims of the '018 patent.

43.     Sequenom seeks a judicial declaration that each claim of the '018 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including but not limited to §§ 101, 102, 103, and/or 112.

- 17 -

KAYE SCHOLER LLP

**PRAYER FOR RELIEF**

WHEREFORE, Sequenom prays that this Court:

A.     Deny Verinata's request for declaratory relief;

B.     Enter a judgment in favor of Sequenom, Inc. that Verinata has infringed the '540 patent;

C.     Grant injunctive relief in favor of Sequenom, Inc. restraining and enjoining Verinata, its officers, directors, agents, servants, employees, successors, assigns, parents, subsidiaries, affiliated or related companies, and attorneys, and all those acting in concert or participating with them from making, using, selling, offering for sale, or importing into the United States any product or service, including without limitation the verifi™ prenatal test, utilizing the methods of any claim of the '540 patent;

D.     Award Sequenom, Inc. damages in an amount sufficient to compensate Sequenom for Verinata's infringement of the '540 patent, but not less than a reasonable royalty, including pre- and post-verdict supplemental damages;

E.     Award prejudgment interest to Sequenom, Inc. pursuant to 35 U.S.C. § 284;

F.     Award increased damages, pursuant to 35 U.S.C. § 284, in an amount not less than three times the amount of actual damages awarded to Sequenom, Inc., by reason of Verinata's willful infringement of the '540 patent;

G.     Enter a judgment in Sequenom's favor on all claims for relief;

H.     Deny Verinata's and Stanford's requests for relief concerning the '017 and '018 patents;

I.     Grant a declaration in favor of Sequenom that no activities relating to Sequenom's MaterniT21 test have infringed or do or will infringe (whether literally or under the doctrine of

ANSWER/COUNTERCLAIMS OF
DEFENDANTS/COUNTERCLAIM-PLAINTIFFS

Case No. 4:12-cv-00865-SI

1    equivalents), or contribute to or induce the infringement of, any claim of the '017 and '018

2    patents;

3          J.      Grant a declaration on favor of Sequenom that each claim of the '017 and '018

4    patents is invalid for failure to comply with the requirements of the Patent Laws of the United

5
     States as set forth in Title 35 of the United States Code, including without limitation §§ 101, 102,
6
7    103, and/or 112.

8          K.      Declare this case exceptional under 35 U.S.C. § 285 and award Sequenom its

9    reasonable attorneys' fees, expenses, and costs incurred in this action; and

10         L.      Grant such other and further relief as this Court may deem just and proper.

11

12
                                **DEMAND FOR JURY TRIAL**
13
14        Sequenom hereby demands a jury trial on all issues appropriately triable by a jury.

15

16
     DATED: March 15, 2012
17
18                                              */s/ Michael J. Malecek*
                                                **KAYE SCHOLER LLP**
19                                              Two Palo Alto Square
                                                3000 El Camino Real, Suite 400
20                                              Palo Alto, CA  94306
                                                Telephone:    650.319.4500
21                                              Facsimile:    650.319.4700

22
                                                Attorneys for Defendants and
23                                              Counterclaim-Plaintiffs, Sequenom, Inc. and
                                                Sequenom Center for Molecular Medicine, LLC.
24

25

26

27

28

KAYE SCHOLER LLP

ANSWER/COUNTERCLAIMS OF
DEFENDANTS/COUNTERCLAIM-PLAINTIFFS                        Case No. 4:12-cv-00865-SI