Michael J. Malecek (State Bar No. 171034)
Email: michael.malecek@kayescholer.com
Peter E. Root (State Bar No. 142348)
Email: peter.root@kayescholer.com
Stephen C. Holmes (State Bar No. 200727)
Email: stephen.holmes@kayescholer.com
KAYE SCHOLER LLP
Two Palo Alto Square, Suite 400
Palo Alto, California  94306
Telephone:  (650) 319-4500
Facsimile:  (650) 319-4700

Attorneys for Defendants
SEQUENOM, INC. and
SEQUENOM CENTER FOR
MOLECULAR MEDICINE LLC

*Additional counsel on signature page*

Edward Robert Reines (State Bar No. 135960)
Email: edward.reines@weil.com
Derek C. Walter (State Bar No. 246322)
Email: derek.walter@weil.com
WEIL GOTSHAL & MANGES LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065
650-802-3000
Fax: 650-802-3100

Attorneys for Plaintiffs
VERINATA HEALTH, INC. and
THE BOARD OF TRUSTEES OF THE
LELAND STANFORD JUNIOR
UNIVERSITY

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| VERINATA HEALTH, INC. and THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY <br><br> Plaintiffs, <br><br> v. <br><br> SEQUENOM, INC., and SEQUENOM CENTER FOR MOLECULAR MEDICINE LLC, <br><br> Defendants/Counterclaim-Claimants, <br><br> v. <br><br> VERINATA HEALTH, INC. and THE BOARD OF TRUSTEES OF THE LELAND STANFORD JUNIOR UNIVERSITY, <br><br> Counterclaim-Defendants, <br><br> and <br><br> ISIS INNOVATION LIMITED <br><br> Nominal Counterclaim-Defendant. | Case No. 4:12-cv-00865-SI <br><br> **JOINT CASE MANAGEMENT STATEMENT** <br><br> CMC Date:  June 15, 2012 <br> Time:  2:30 p.m. <br> Judge:  Hon. Susan Illston |

Pursuant to the Court's Standing Order for All Judges, the Civil Local Rules, and the Patent Local Rules, plaintiffs and counterclaim-defendants Verinata Health, Inc. ("Verinata") and The Board Of Trustees Of The Leland Stanford Junior University ("Stanford"), defendants and counterclaimant-plaintiffs Sequenom, Inc. and Sequenom Center For Molecular Medicine LLC ("collectively, Sequenom") and nominal counterclaim-defendant Isis Innovation Limited ("Isis") jointly submit this Case Management Statement in anticipation of the Case Management Conference scheduled for **June 15, 2012 at 2:30 p.m.**, Courtroom 10, 19th Floor, 450 Golden Gate Avenue, San Francisco, California. Each Party certifies that its lead trial counsel have met and conferred for the preparation of this Statement as required by Civil Local Rule 16-3. The Parties make the following representations and recommendations:

## I.      CASE MANAGEMENT ISSUES

Verinata and Stanford filed this action on February 22, 2012 seeking a declaratory judgment that Sequenom's in-licensed U.S. Patent No. 6,258,540 ("the '540 Patent") is invalid and not infringed and a judgment of infringement of Verinata's in-licensed U.S. Patent Nos. 7,888,017 ("the '017 Patent") and 8,008,018 ("the '018 Patent"). On March 15, 2012, Sequenom filed its Answer, raising affirmative defenses and counterclaims for infringement of the '540 Patent and seeking a declaratory judgment that the '017 and '018 Patents are invalid and not infringed. On June 5, 2012, Verinata informed Sequenom that it intended to amend its complaint to assert a third patent, U.S. Patent No. 8,195,415 (the "'415 Patent"), which issued on June 5, 2012. Sequenom confirmed that it would not oppose Verinata adding the '415 patent to this action. The '017, '018, and '415 patents shall collectively be referred to herein as the "'017/018/415 Patents."

This case and two other cases – *Aria Diagnostics, Inc. v. Sequenom, Inc.* (Case No. 11-06391-SI) and *Natera v. Sequenom, Inc.*, et al. (12-00132-SI) – have been designated as related cases by order of this Court. *See, e.g.,.* Dkt. No. 41, 11-06391-SI (order relating 11-06391-SI, 12-00132-SI, and 12-00865-SI pursuant to Local Rule 3-12). These three cases are collectively referred to herein as the "Related Cases." In each case, the plaintiff(s) seek a declaratory judgment of non-infringement and invalidity of the '540 Patent. In each case, Sequenom has

counterclaimed for infringement of the '540 Patent.  The declaratory plaintiffs in the Related

Cases are referred to herein as the "'540 Defendants" as applicable for the '540 Patent-related

aspect of the cases.  In view of the common facts and issues involving the '540 Patent, the Parties

agree that some degree of coordination of discovery and court proceedings related to the '540

Patent is appropriate.

### A.      Jurisdiction and Service:

The Parties agree that this is an action arising under the patent laws of the United States,

Title 35, United States Code.  The Parties further agree that this Court has jurisdiction over the

claims and defenses of this action pursuant to 35 U.S.C. § 1 et seq., and 28 U.S.C. §§ 1331,

1338(a), 2201, and 2202.  The Parties do not believe that any jurisdiction or venue issues exist at

this time.  No Parties remain to be served.

### B.      Brief Description of Facts and Events Underlying the Action:

**Verinata and Stanford's Statement:**  Verinata's activities focus on developing and

offering non-invasive tests for early identification of fetal chromosomal abnormalities.  Verinata

currently offers a test that employs novel techniques to analyze cell-free DNA circulating in the

blood of a pregnant woman to determine whether a fetus is at risk of having an abnormal number

of chromosomes.

Verinata and Stanford bring this action to halt Defendants' willful infringement of

Verinata's rights under the '017 Patent (entitled "Non-Invasive Fetal Genetic Screening by

Digital Analysis") and '018 Patent (entitled "Determination of Fetal Aneuploidy by Massively

Parallel DNA Sequencing").   Stanford has granted to Verinata an exclusive license to these

patents in the field of genetic analysis by sequencing.  Both patents disclose novel methods for

the analysis of cell-free DNA circulating in the blood of a pregnant woman for identifying

chromosomal abnormalities.  In addition, Verinata and Stanford will shortly file an amended

complaint seeking a judgment that Sequenom willfully infringes the '415 Patent, which issued

just days ago on June 5, 2012 and is entitled "Noninvasive Diagnosis of Fetal Aneuploidy by

Sequencing."  As with the '017 and '018 Patents, Verinata is the exclusive licensee of the '415

Patent in the field of genetic analysis by sequencing.  The '415 Patent discloses an additional novel technique for the analysis of cell-free DNA to identify chromosomal abnormalities. Verinata and Stanford are seeking *inter alia* an injunction, damages, costs, and expenses.[1]

In addition, starting in the August 2010 time frame, Sequenom repeatedly stated to the public that anyone who performs a non-invasive pre-natal test using cell-free DNA circulating in the blood of a pregnant woman would infringe the '540 Patent.  Many of these statements have been directed specifically at Verinata.  *See, e.g.*, Dkt. No. 1, 12-00865-SI ¶¶ 19-28.  On information and belief, these statements, which misrepresent the scope of the '540 Patent, are intended to broadly convey that, because Sequenom holds exclusive rights under the '540 Patent, no one other than Sequenom has freedom to perform non-invasive pre-natal testing under the '540 Patent, with the goal of deterring potential competitors from entering the market and deterring doctors and healthcare providers from using anyone other than Sequenom for those services.  Accordingly, Verinata further brings this action for a declaration that all claims of the '540 Patent are invalid and that no activities relating to Verinata's non-invasive pre-natal test do or will directly or indirectly infringe (or have directly or indirectly infringed), or contribute to or induce the infringement of, any claim of that patent.

**Sequenom's Statement:** This is an action under the patent laws of the United States, 35 U.S.C. §§ 1, *et seq.*, for infringement by Verinata of a patent exclusively licensed by Sequenom. Sequenom is the exclusive licensee of the '540 Patent, issued on July 10, 2001, entitled "Non Invasive Prenatal Diagnosis."  The claims of the '540 Patent relate to nucleic acid analysis and prenatal diagnosis.  Verinata offers services including a non-invasive aneuploidy testing, called the verifi™ prenatal test, which infringe the claims of the '540 Patent.  Sequenom seeks a judgment (1) that Verinata has infringed the claims of the '540 Patent; (2) for preliminary and permanent injunctions restraining and enjoining Verinata from infringing the claims of the '540 Patent; (3) for damages in an amount sufficient to compensate Sequenom for Verinata's

---

[1] Isis states herein that it "seeks a judgment dismissing all claims asserted by Verinata and decreeing that the '540 Patent is valid and enforceable."  However, Verinata and Stanford note that Isis' pleadings include nothing that would support its request for such a judgment.

4

infringement of the '540 Patent, but not less than a reasonable royalty, including pre- and post-verdict supplemental damages; (4) for prejudgment interest to Sequenom pursuant to 35 U.S.C. § 284; (5) an award of treble damages based on the willful infringement of the '540 Patent pursuant to 35 U.S.C. § 284; and (6) a declaration that this case is exceptional, and awarding attorneys' fees and costs pursuant to 35 U.S.C. § 285.

Verinata has accused Sequenom of infringing the '017 and the '018 Patents.  Verinata has indicated that it intends to amend its pleadings to include the '415 Patent.   This is also an action for a declaration that all of the claims of the '017 and '018 Patents, and the '415 Patent if added to this case, are invalid, and that Sequenom's MaterniT21™ non-invasive prenatal test and Sequenom's activities related thereto have not, do not, and will not infringe, directly or indirectly, any valid claims of the '017, '018 or '415 Patents.

**Isis's statement:**  Isis is the owner and licensor of the '540 Patent.  Isis consents to the jurisdiction of this Court for the purposes of adjudicating the claims and defenses asserted in this action by the parties to this action; Isis is not otherwise subject to personal jurisdiction in California.  Isis seeks a judgment dismissing all claims asserted by Verinata and decreeing that the '540 Patent is valid and enforceable.

**C.**     **Principal Factual and Legal Issues Disputed by the Parties:**

(1)     The proper construction of disputed terms in the asserted claims of the '540, '017, '018, or '415 Patents (collectively the "patents-in-suit") under *Markman v. Westview Instruments, Inc.*, 517 U.S. 370 (1996);

(2)     Whether Sequenom has infringed any of the asserted claims of the '017, '018, or '415 Patents in violation of 35 U.S.C. § 271 (a), (b) and/or (c), literally or under the doctrine of equivalents;

(3)     Whether Sequenom willfully infringed any of the asserted claims of the '017, '018, or '415 Patents under 35 U.S.C. § 284;

(4)     Whether Verinata infringed any of the asserted claims of the '540 Patent in violation of 35 U.S.C. § 271 (a), (b) and/or (c), literally or under the doctrine of equivalents;

(5)     Whether Verinata willfully infringed any of the asserted claims of the '540 Patent under 35 U.S.C. § 284;

(6)     Whether any claims of the patents-in-suit are invalid and/or unenforceable under 35 U.S.C. § 101 *et seq.* (including but not limited to §§ 102, 103, and 112);

(7)     Whether Verinata is entitled to a preliminary and/or permanent injunction;

(8)     Whether Sequenom is entitled to a preliminary and/or permanent injunction; and,

(9)     Whether this case is exceptional, and if so, whether or not any of the Parties are entitled to their costs and attorneys' fees under 35 U.S.C. § 285.

**D.     Motions:**

The Parties anticipate that summary judgment motions will be filed that may address issues of patent infringement and/or non-infringement, validity and/or invalidity, and enforceability and/or unenforceability.

**E.     Amendment of Pleadings:**

Sequenom has consented to Verinata and Stanford filing an amended complaint to add the '415 patent to the case.  Stanford and Verinata will file their amended complaint shortly.  Beyond this, the Parties do not currently anticipate amending their respective pleadings, but reserve the right to do so as permitted by the Federal Rules of Civil Procedure.  The Parties agree that the last day to amend the pleadings to add new parties will be August 31, 2012.

**Verinata and Stanford's Statement:** Verinata and Stanford propose that a deadline for parties to amend pleadings other than addition of new parties be set for 90 days after the Court's issuance of its claim construction order under the Patent Local Rules.

**Sequenom's and Isis' Statement:**  Sequenom and Isis propose that a deadline for parties to amend pleadings other than addition of new parties be set for 30 days after the Court's issuance of its claim construction order under the Patent Local Rules.

**F.     Evidence Preservation and Electronic Discovery:**

The Parties confirm that they have discussed and taken reasonable steps to preserve electronically stored information and other evidence relevant to the issues reasonably evident in this action, including implementing a document retention program as appropriate.  The Parties

6

anticipate submitting a separate Stipulated Document Production Order for the Court's review which specifically delineates the procedures for electronic discovery.

### G.   Initial Disclosures

The parties intend to make their respective initial disclosures as required by Fed. R. Civ. Proc. 26(a)(1) on June 22, 2012.

### H.   Discovery:

#### 1.   Generally

The Parties anticipate pursuing discovery by taking depositions and by serving document requests, interrogatories, and requests for admission. Discovery will be taken on issues relating to claim construction, infringement/noninfringement, validity/invalidity, enforceability/unenforceability, alleged willfulness, damages, and the Parties' affirmative defenses.

#### 2.   Discovery Schedule

No formal discovery has been taken to date. The Parties' proposed case schedule appears below in Section Q, including fact and expert discovery cutoff dates. With regard to the '540 Patent, the Parties anticipate some degree of coordination of pretrial matters with the Related Cases due to the overlapping factual and legal aspects of the cases. To that end, the discovery schedule anticipates the participation of all of the parties in the Related Cases.

#### 3.   Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made?

The Parties 26(f) meet-and-confer is ongoing. The parties have agreed to exchange initial disclosures pursuant to the requirements of Fed. R. Civ. P. 26 on June 22, 2012.

#### 4.   Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused upon particular issues.

The Parties believe that discovery is needed on the following topics:

(1)   The accused products and infringement/willful infringement of the patents-in-suit claims;

(2)    The subject matter eligibility, validity and/or enforceability of the claims of the patents-in-suit, including inventorship, the prosecution of the patents-in-suit and secondary indicia of obviousness;

(3)    Prior art to the patents-in-suit;

(4)    Construction of the claims of the patents-in-suit;

(5)    The Parties respective affirmative defenses;

(6)    Ownership of the patents-in-suit;

(7)    Injunction; and

(8)    Damages.

**5.      Rule 26(f)(3)(C): Any issues about disclosure or discovery of electronically stored information, including the form or forms in which it should be produced.**

The Parties propose adopting an e-discovery order consistent with the Federal Circuit Model Order Regarding E-Discovery in Patent Cases.  *See* http://www.cafc.uscourts.gov/2011/model-e-discovery-order-adopted-by-the-federal-circuit-advisory-counsel.html.  The Parties will meet and confer to discuss any modifications to the Federal Circuit Model Order that may be appropriate in the circumstances of this case.

**6.      Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the Parties agree on a procedure to assert such claims after production—whether to ask the court to include their agreement in the order.**

In light of the fact that disclosure of confidential and proprietary information may be necessary in this case, the Parties agree to meet and confer on a proposed Stipulated Protective Order to submit to the Court for approval.  The Parties agree that privileged communications and documents covered by work product protection and dated after the filing of this lawsuit need not be included in any privilege log.  All other limitations on discovery imposed by the Federal Rules of Civil Procedure shall apply, absent a stipulation by the Parties approved by the Court.

At this time, the Parties do not anticipate any issues relating to claims of privilege or of protection of trial-preparation material.  The Parties agree to address any such issues in the event they arise.

> **7.      Rule 26(f)(3)(E):  What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed.**

> a.   RFAs

Each Party shall be limited to 50 requests for admission, excluding those directed solely to authenticating exhibits for trial.

> b.   Interrogatories

**Verinata and Stanford's Statement**: In view of Verinata's assertion of the '017/018/415 Patents, Verinata proposes the following interrogatory limits.  Verinata, Natera, and Ariosa are entitled to submit a total of 10 "common" interrogatories relating to common issues of law and fact related to the '540 Patent.  Verinata and Stanford shall be entitled to submit 20 additional interrogatories.  Sequenom is entitled to issue 25 interrogatories to Verinata.

**Sequenom's Statement:** The '540 Defendants are entitled to submit a total of 20 "common" interrogatories relating to common issues of law and fact, and five "individual" interrogatories per defendant tailored to a particular '540 Defendant's case.  Sequenom is entitled to 25 interrogatories per '540 Defendant, and 20 additional interrogatories relating to the '017/018/415 Patents in the present case.

**Isis' Statement:** Isis concurs with Sequenom's Statement.

> c.   Depositions

**Verinata and Stanford's Statement:**  As to deposition limits, Verinata and Stanford propose that the parties adopt the default limits set forth in Fed R. Civ. P. 30, subject to modifications upon agreement or cause.  Verinata will, of course, coordinate with Natera and Ariosa with regard to depositions on the '540 Patent to avoid duplicative and unnecessary deposition discovery of Sequenom witnesses.

**Sequenom's Statement:**

    i.    The '540 Defendants may utilize a total of 42 hours of deposition (exclusive of inventors and experts) for Sequenom's and Isis' witnesses.

   ii.    Absent agreement or cause, any individual Sequenom witness will be deposed no more than one 7-hour day (with the '540 Defendants cooperating to share that time.)

  iii.    Sequenom may utilize a total of 42 hours for each '540 Defendant (exclusive of experts and inventors).

**Isis' Statement:** Isis concurs with Sequenom's Statement.

    d.   <u>Experts</u>

The following categories of documents and things shall be excluded from expert discovery, as and to the extent provided by Rule 26(b)(4)(b)(B)-(C): (1) communications between a testifying expert witness and the Parties' attorneys; (2) draft expert reports; and (3) documents and/or things reviewed by a testifying expert witness but not relied upon by the witness to draft his or her expert report.  The Parties agree that final expert reports and materials identified by the experts as relied upon in their reports are discoverable.  If an expert indicates in deposition that he or she relied upon a document or source not otherwise specified in the final report, that information is also discoverable.  Attorney communications with an expert in preparation for his or her deposition or trial testimony likewise are not discoverable.

    e.   <u>Agreement to Serve by Email</u>

The Parties agree to serve interrogatories, document requests, deposition notices, request for admissions, and the responses thereto, on each other via email (hardcopies to follow by mail, if requested).  The Parties further agree that service of a complete copy of these documents via email shall count as same day service.

    **8.**    <u>**Rule 26(f)(3)(F):  Any other orders that the court should issue under Rule 26(c) or under Rule 16(b) and (c).**</u>

Other than the aforementioned Stipulated Protective Order and proposed Document Production Order, at the present time, the Parties do not request any other orders under Rule 26(c) or under Rule 16(b) and (c).

10

**I.      Class Action:**

This case is not a class action.

**J.      Related Cases:**

The Court entered a Related Case Order relating this case with two currently pending cases: (1) *Aria Diagnostics, Inc. v. Sequenom, Inc.* (Case No. 3:11-cv-06391-SI), and (2) *Natera v. Sequenom, Inc.*, et al. (Case No. 4:12-cv-00132-SI).

**K.      Relief:**

**Verinata and Stanford's Statement:**  Verinata by itself seeks (1) a declaration that no activities relating to Verinata's test do or will directly infringe (whether literally or under the doctrine of equivalents), or contribute to or induce the infringement of, any claim of the '540 Patent, and have not done so in the past; and (2) a declaration that each claim of the '540 patent is invalid for failure to comply with the requirements of the Patent Laws of the United States as set forth in Title 35 of the United States Code, including without limitation the provisions of §§ 101, 102, 103, and/or 112.  Verinata and Stanford seek (1) a judgment that Sequenom infringes, induces others to infringe, and/or contributorily infringes the '017/018/415 Patents; (2) an order permanently enjoining Sequenom from further infringement of the '017/018/415 Patents; (3) an award of damages pursuant to 35 U.S.C. § 284; (4) an order for an accounting of damages from Sequenom's  infringement; (5) an award of enhanced damages, up to and including trebling of the damages awarded to Verinata and Stanford; (6) an award to Verinata and Stanford of their costs and reasonable expenses to the fullest extent permitted by law; (7) a declaration that this case is exceptional pursuant to 35 U.S.C. § 285; (8)  an award of attorneys' fees and costs; and (9) an award of such other and further relief as the Court may deem just and proper.

**Sequenom's Statement:** Sequenom seeks a judgment (1) that Verinata has infringed the claims of the '540 Patent; (2) for preliminary and permanent injunctions restraining and enjoining Verinata from infringing the claims of the '540 Patent; (3) for damages in an amount sufficient to compensate Sequenom for Verinata's  infringement of the '540 Patent, but not less than a reasonable royalty, including pre- and post-verdict supplemental damages; (4) for prejudgment interest to Sequenom pursuant to 35 U.S.C. § 284; (5) an award of treble damages based on the

willful infringement of the '540 Patent pursuant to 35 U.S.C. § 284; (6) a declaration that this case is exceptional, and awarding attorneys' fees and costs pursuant to 35 U.S.C. § 285; and (7) dismissing Verinata's and Stanford's claim for declaratory relief.  Sequenom further seeks a judicial declaration that all of the claims of the '017, '018, and '415 Patents are invalid, and that Sequenom's MaterniT21™ non-invasive prenatal test and Sequenom's activities related thereto have not, do not, and will not infringe, directly or indirectly, any valid claims of the '017, '018 or '415 Patents.

**Isis's Statement:**  Isis seeks a judgment dismissing all claims asserted by Verinata and decreeing that the '540 Patent is valid and enforceable.

### L.    <u>Settlement and ADR:</u>

The parties to date have engaged only in informal settlement discussions and have not conducted any formal method of alternative dispute resolution.  The parties have met and conferred in compliance with ADR L.R. 3-5, and prefer Mediation.  The parties do not believe any motions are necessary to facilitate settlement, but agree that the exchange of infringement and invalidity contentions as required by the Patent Local Rules may help move the case towards resolution.

### M.    <u>Consent to Magistrate Judge For All Purposes:</u>

The Parties do not consent to a magistrate judge.

### N.    <u>Other References:</u>

The Parties agree that this case is not suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

### O.    <u>Narrowing of Issues:</u>

The Parties will seek to narrow the disputed legal issues through the Patent Local Rule disclosure requirements, written discovery, depositions and motion practice.

### P.    <u>Expedited Schedule:</u>

The Parties do not believe that this is the type of case that can be handled on an expedited basis with streamlined procedures pursuant to General Order No. 64.

12

## Q.      Scheduling:

The Parties each propose the following dates for scheduling in this case consistent with or based on slightly modified Patent Local Rules:

| Event/Local Rule | Verinata's and Stanford's Proposed Dates (Coordinated Schedule for All Patents) | Verinata's and Stanford's Proposed Dates (Bifurcated Schedule) | Sequenom and Verinata Proposed Dates for '540 Patent | Sequenom Proposed Dates for '017/'018/'415 Patents |
|---|---|---|---|---|
| Disclosure of Asserted Claims and Infringement Contentions and accompanying document production by Patentee<br><br>[Pat. L.R. 3-1 & 3-2] | June 29, 2012 | June 29, 2012 | June 29, 2012 | June 29, 2012 |
| Invalidity Contentions and accompanying document production by accused infringer<br><br>[Pat. L.R. 3-3 & 3-4] | August 14, 2012 | July 30, 2012 | July 30, 2012 | July 30, 2012 |
| Exchange of Proposed Terms and Claim Elements for Construction<br><br>[Pat. L.R. 4-1] | August 27, 2012 | August 7, 2012 | August 13, 2012 | August 13, 2012 |
| Amendment of pleadings to add new parties | August 31, 2012 | August 31, 2012 | August 31, 2012 | August 31, 2012 |

13

| | | | | |
|---|---|---|---|---|
| Exchange of Preliminary Claim Constructions and Extrinsic Evidence<br><br>[Pat. L.R. 4-2] | September 17, 2012 | August 31, 2012 | September 4, 2012 | September 4, 2012 |
| Filing of Joint Claim Construction and Pre-Hearing Statement<br><br>[Pat. L.R. 4-3] | October 12, 2012 | October 5, 2012 | October 26, 2012 | October 26, 2012 |
| Completion of Claim Construction Discovery<br><br>[Pat. L.R. 4-4] | November 16, 2012 | November 2, 2012 | November 16, 2012 | November 16, 2012 |
| Opening Claim Construction Brief by Patentee<br><br>[Pat. L.R. 4-5(a)] | January 4, 2013 | November 7, 2012 | November 30, 2012 | January 4, 2013 |
| Responsive Claim Construction Brief by accused infringer<br><br>[Pat. L.R. 4-5(b)] | January 18, 2013 | November 21, 2012 | December 14, 2012 | January 18, 2013 |

14

| Reply Claim Construction Brief by Patentee<br><br>[Pat. L.R. 4-5(c)] | February 1, 2013 | December 5, 2012 | December 21, 2012 | January 25, 2013 |
|---|---|---|---|---|
| Technology Tutorial | February 13, 2013 | December 12, 2012 | January 9, 2013 | February 6, 2013 |
| Claim Construction Hearing<br><br>[Pat. L.R. 4-6] | February 20-21, 2013 | December 19, 2012 | January 16, 2013 | February 13, 2013 |
| Status Conference with the Court | [Court's convenience] | [Court's convenience] | [Court's convenience] | [Court's convenience] |
| Accused infringer's last day to produce opinions of counsel and/or serve privilege log re same<br><br>[Pat. L.R. 3-7] | 50 days after Markman Ruling | 50 days after Markman Ruling | 50 days after Markman Ruling | 50 days after Markman Ruling |
| Last day for parties to amend pleadings other than addition of new parties | 45 days after Markman Ruling | 45 days after Markman Ruling | 45 days after Markman Ruling | 45 days after Markman Ruling |
| Fact Discovery Cut-off | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | March 29, 2013 | April 26, 2013 |

15

| Opening Expert Reports for which party bears the burden | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | April 12, 2013 | May 10, 2013 |
|---|---|---|---|---|
| Rebuttal Expert Reports | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | May 10, 2013 | June 7, 2013 |
| Expert Discovery Cut-off | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | June 14, 2013 | July 12, 2013 |
| Last day to file dispositive motions | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | June 28, 2013 | July 26, 2013 |
| Last day to file dispositive motion opposition briefs [Civil L.R. 7-3(a)] | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | July 12, 2013 | August 9, 2013 |
| Last day to file dispositive motion reply brief [Civil L.R. 7-3(c)] | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | July 19, 2013 | August 16, 2013 |

16

| Dispositive Motion Hearing<br><br>[Civil L.R. 7-2] | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | August 9, 2013 | September 6, 2013 |
| Last day to file Joint Pretrial Conference Statement, trial witness list and summary of proposed testimony, deposition and written discovery designations, jury instructions, admissibility stipulations, motions *in limine*, and trial exhibits/objections<br><br>[Judge Illston's Pretrial Instruction Nos. 1, 2, 3, 5(b), 6] | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | September 24, 2013 | October 22, 2013 |
| Last day to file responses to motions *in limine*<br><br>[Judge Illston's Pretrial Instruction No. 6] | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | October 1, 2013 | October 29, 2013 |

JOINT CASE MANAGEMENT STATEMENT

Case No. 4:12-cv-00865-SI

| Pretrial Conference | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | October 8, 2013 | November 5, 2013 |
| Trial | To be determined at a Further Case Management Conference following the Markman Ruling | To be determined at a Further Case Management Conference following the Markman Ruling | October 21, 2013 | November 18, 2013 |

**R.    Trial**

**Verinata and Stanford's Statement:**  Verinata and Stanford propose that the Court set a trial period at a Further Case Management Conference, to be held at the Court's convenience following the Markman ruling.  In particular, Verinata and Stanford propose that at a Further Case Management Conference following the Markman ruling the Court allocate an appropriate block of time sufficient for trial of the Related Cases.  Verinata and Stanford respectfully suggest that the Court reserve its decision as to specific trial logistics (*e.g.*, the order of trials and/or whether issues related to the '540 patent are consolidated for trial) until after expert discovery and dispositive motion practice are complete, at which point the most appropriate trial logistics will likely present themselves naturally and/or be apparent in view of case developments.

**Sequenom's Statement:**  Sequenom proposes that the Court conduct a joint trial of infringement and validity of the '540 Patent for the three '540 Defendants.  Sequenom estimates that such a trial could be completed in 8 to 12 court days.

Alternatively, Sequenom proposes that three trials be set starting on October 21, 2013 in the order of the filing of the complaints:  (1) Ariosa, (2) Natera, and (3) Verinata.  Sequenom estimates that trials involving Ariosa and Natera – which would involve only the '540 patent – would take 4-6 court days each.  Sequenom estimates that a separate trial involving Verinata – which included both the '540 patent and the Stanford patents – would take 12 to 15 court days.

Another alternative would be for the Court to set a status conference to determine the nature and order of trial proceedings in or about late July 2013, *i.e.*, after fact and expert discovery is closed and any dispositive motions are briefed, but well in advance of an actual trial date.

**Isis' Statement:**  Isis concurs with Sequenom's Statement.

**S.    Disclosure of Non-Party Interested Entities or Persons:**

**Verinata and Stanford's Statement:**  Verinata and Stanford filed their Civil L.R. 3-16 certification on February 22, 2012 (Dkt Nos. 2-3).  Verinata certified that it has no parent corporation and that there is no publicly held corporation owning 10% or more of Verinata Health, Inc.'s stock.  Stanford certified that other than the named Parties, there is no relevant interest to report.

**Sequenom's Statement:**  Sequenom filed its Civil L.R. 3-16 certification on March 16 2012 (Dkt. No. 17) and certified that it has no parent corporation and that there is no publicly held corporation owning 10% or more of Sequenom, Inc.'s stock.  Sequenom certified that Sequenom Center for Molecular Medicine LLC is a wholly-owned subsidiary.  Sequenom certified that other than the named Parties, there is no such interest to report.

**Isis' Statement:**   Isis filed its Civil L.R. 3-16 certification on April 9, 2012 (Dkt. No. 27) Isis certified that it is a wholly owned subsidiary of the University of Oxford, and that the following have an interest in the outcome of the proceeding: The University of Oxford, James Stephen Wainscoat, Yuk-Ming Dennis Lo, Oxford Radcliffe Hospital Trust, and Chinese University of Hong Kong.

**T.    Other Matters:**

The Parties also have conferred regarding the following topics in accordance with Patent L.R. 2-1(a), this District's Standing Order for Case Management Conferences, and this Court's Standing Case Management Conference Order:

19

1.      **Proposed Modifications of Obligations and Deadlines in Local Patent Rules:**

See proposed schedule in Section Q above.  The Parties propose that the Court conduct another case management conference after the claim construction hearing.

2.      **Format and Length of Claim Construction Hearing:**

**Verinata and Stanford's Statement:**  The '540 and '017/018/415 Patents all relate to the same general technology area.  *Compare, e.g.*, '415 Patent 1:31-33 ("The present invention relates to the field of molecular diagnosis, and more particularly to the field of prenatal genetic diagnosis.") *with* '540 Patent at 1:6-7 ("This invention relates to prenatal detection methods using non-invasive techniques.").  Indeed, Verinata and Stanford's '017 and '018 Patents share the same specification, while the '415 Patent shares the same inventors as the '017 and '018 Patents.  Accordingly, to the extent there are benefits to bifurcating the claim construction schedule for the '540 Patent and '017/018/415 Patents, those benefits pertain purely to efficiency and case management considerations, not substantive considerations.  In this regard, Verinata and Stanford do not necessarily oppose bifurcating the claim construction schedule for the Sequenom and Verinata patents, as Sequenom suggests. However, to the extent the Court wishes to bifurcate the claim construction schedules for these two groups of patents, Verinata and Stanford suggest a schedule according to which the Court will better capture the efficiency benefits of bifurcation and more quickly dispose of issues related to the '017/018/415 Patents.  This proposed schedule is set forth above in Section Q in the column with the parenthetical "Bifurcated Schedule."  Briefly, Verinata and Stanford's proposed schedule would adopt Sequenom's proposed schedule for the '540 Patent, yet would allow the Court and parties to dispose of claim construction issues for the '017/018/415 Patents in a separate Markman hearing that will take place roughly seven weeks earlier than under Sequenom's proposal for the '017/018/415 Patents.  Verinata and Stanford propose a single two-hour tutorial in advance of the two Markman hearings, each of which can be completed in two hours.

Alternatively, Verinata and Stanford are amenable to a single coordinated claim construction schedule across all patents.  This proposed schedule is set forth above in Section Q under the column with the parenthetical "Coordinated Schedule for All Patents."  Verinata and

Stanford estimate that a consolidated Markman hearing on all patents would take no more than four hours, with roughly two hours being devoted to the '540 Patent and roughly two hours being devoted to the '017/018/415 Patents.

Verinata and Stanford do not anticipate the need for live testimony at the claim construction hearing

**Sequenom's Statement:** Sequenom does not anticipate the need for live testimony at the claim construction hearing, and anticipates that approximately three hours will be required for argument at the claim construction hearing, with that time kept in a "chess-like" manner to ensure equal time for all Parties.  Sequenom proposes that the claim construction hearing proceed term-by-term, beginning with the '540 Patentee's argument and followed by each '540 Defendants' argument for each disputed claim term.  To be clear, the '540 Patentee will have 90 minutes, and the '540 Defendants will have a total of 90 minutes to divide among themselves.

A second claim construction briefing schedule and hearing would occur for the Verinata Patents. *See* section Q.  The Parties propose following the same format as outline above for the hearing.

**Isis' Statement:**  Isis concurs with Sequenom's Statement.  Isis does not anticipate needing separate time for argument at the claim construction hearing, but reserves the right to request separate time if necessary.

### 3.      Proposal for Educating the Court on the Technology at Issue:

To educate the court on the technology at issue, the Parties propose holding a technology tutorial during the week prior to the claim construction hearing, or at the Court's convenience. The Parties anticipate that two (2) hours will be required for the tutorial, with time split evenly between the sides.  While the Parties do not anticipate presenting live testimony during the claim construction hearing itself, live testimony may be useful during the technology tutorial to assist the Court's understanding, and the Parties reserve the right to present live testimony during the technology tutorial with advance notice to opposing counsel.

1

2   Dated:  June 8, 2012

3

4   By:

5

6

7

8

9   Dated: June 8, 2012

10

11

12

13

14

15   Dated: June 8, 2012

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

KAYE SCHOLER LLP


By:     *s/ Peter E. Root*
        Peter E. Root
        Attorneys for Defendants and
        Counterclaim-Plaintiffs
        SEQUENOM, INC. AND SEQUENOM
        CENTER FOR MOLECULAR
        MEDICINE LLC


WEIL GOTSHAL & MANGES LLP


By:     *s/ Derek C. Walter*
        Derek C. Walter
        Attorneys for Plaintiffs and
        Counterclaim-Defendants
        VERINATA HEALTH, INC. and
        THE BOARD OF TRUSTEES OF THE
        LELAND STANFORD JUNIOR
        UNIVERSITY


SATTERLEE STEPHENS BURKE & BURKE LLP


By:     *s/ Mario Aieta*
        Mario Aieta
        Attorneys for Nominal Counterclaim-
        Defendant
        ISIS INNOVATION LIMITED


## **CERTIFICATION**

I, Peter E. Root, am the ECF User whose identification and password are being used to file this Stipulation.  In compliance with General Order 45.X.B, I hereby attest that Derek C. Walter and Mario Aieta have concurred in this filing.

JOINT CASE MANAGEMENT STATEMENT                                                    Case No. 4:12-cv-00865-SI