IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERINATA HEALTH, INC., *et al.*,

    Plaintiffs,

v.

SEQUENOM, INC., *et al.*,

    Defendants.

No. C 12-00865 SI
Related Cases: 11-00693, 12-00132, 12-05501

**ORDER DENYING MOTION TO COMPEL PRODUCTION**

Currently before the Court is defendant Sequenom's motion to compel plaintiffs Verinata and Stanford University to produce a variety of documents. The Court shall address each dispute in turn.

**1.  Custodial Documents**

On October 15, 2013, the Court ordered Verinata to produce all non-privileged documents regarding the negotiation of Stanford University's licenses with Verinata and Fluidigm. *See* Docket No. 52 ("Discovery Order").  It appears that most of the documents regarding the negotiation are "custodial ESI" – that is, electronically stored information held by a custodian, not by Verinata/Stanford.  These documents were not produced by the Court's deadline, and Sequenom argues that Verinata is therefore in violation of the Court's Discovery Order.  Verinata responds that it followed the guidelines in the Document Production Order, which require that parties who seek custodial ESI must propound specific custodial document requests, and which limit each party to ten such custodians. *See* Docket No. 47 at 6. Sequenom failed to propound a custodial request, and instead seeks production directly pursuant to the Court's Discovery Order.

The Court finds that its Discovery Order did not abrogate the requirements set forth in the Document Production Order. If Verinata produced all responsive documents that it found in its central repositories to Sequenom, then it has complied with the Court's Discovery Order. If Sequenom seeks additional documents, it must follow the requirements of the Document Production Order. If the parties reach their custodian limit, then, as set forth in the Document Production Order, they may either jointly agree to increase the limit or they may seek leave from the Court.

**2.    Documents Relating to Inventors' Expenses**

Second, Sequenom moves to compel the production of documents related to Dr. Quake and Dr. Fan's expenses and budget. It argues that these documents are relevant because expenses and invoices will show when lab equipment was purchased and used, and when the doctors used equipment in other labs, which will reveal when they first experimented with massively parallel sequencing ("MPS") for fetal aneuploidy detection. Stanford argues that this request is irrelevant, cumulative, and overly burdensome.

Dr. Quake testified that he first conceived of using MPS for fetal aneuploidy detection in the fall of 2005. Stanford has already produced the doctors' calendars, their grant application and budget proposal, and a detailed transaction report with over 1200 entries related to the grant. It argues that further production of materials from six years of research would be overly burdensome.

Sequenom has not shown why it needs further documents related to the expenses and budget. Thus, based on the record before it, the Court finds that producing these documents would be unduly burdensome.

Accordingly, the Court DENIES Sequenom's motion to compel the production of documents. This resolves Docket No. 90.

**IT IS SO ORDERED.**

Dated: June 25, 2013

SUSAN ILLSTON
United States District Judge

2