# EXHIBIT 9

| | |
|---|---|
| **From:** | Walter, Derek |
| **To:** | Estrin, Robert; Sequenom Team |
| **Cc:** | Verinata Service |
| **Subject:** | RE: Verinata/Sequenom - meet and confer follow-up |
| **Date:** | Wednesday, November 07, 2012 9:02:35 PM |
| **Attachments:** | image001.png |

Robert:

Your email is nonsense and not an accurate reflection of the meet and confer we requested.

In advance of the meet and confer, we requested that someone be on the call who could speak to the substance of Sequenom's claim construction positions, which you had told us in an October 18 email reflected Sequenom's non-infringement positions.  During that call, we spent close to an hour identifying numerous questions we had regarding Sequenom's claim constructions, raising specific issues and asking every possible question we could think of to gain insight into Sequenom's positions so that we could crystallize points of dispute as claim construction progresses.  Indeed, in your email, you confirm that we identified specific issues, and you list some of them in quotes.  Unfortunately, neither you nor Mr. Holmes were willing or able to offer any insight whatsoever into Sequenom's positions.  You could not even tell us which of Sequenom's claim constructions reflected a non-infringement position and which did not, and you stated that there may be additional non-infringement positions that are not reflected in either Sequenom's current claim constructions or its deficient interrogatory response.  There can be no dispute on these points.

During the call we did not agree to prepare a memorandum for you summarizing the points of confusion, and there is no way you could have that understanding.  To the contrary, as to the numerous issues we raised (some of which you list in your email), you told us you would discuss with the team and get back to us.

Your statement that "it is presently unclear to us what the disputed claim construction issues are" cannot be taken seriously.  It is Sequenom (not Verinata/Stanford) that it is proposing to introduce numerous vague and unclear limitations into the claims through its proposed constructions.  You have a reason for doing so.  Indeed, in your October 18 email you told us that your claim constructions reflected Sequenom's non-infringement positions.  As such, your ongoing contention that Sequenom cannot explain (even at a basic level) the rationale underlying its claim constructions and non-infringement positions is inaccurate, unhelpful, and will not lead to an efficient claim construction process.  The fact that Stanford/Verinata is the patent owner and exclusive licensee is absolutely irrelevant and does not obligate us to provide responsive claim constructions in a vacuum that may not address the disputes that will actually matter to the case.

Promptly supplement your non-infringement contentions (as we have asked you to do countless times) and we may be able to make progress.

Thanks,

Derek

**From:** Estrin, Robert [mailto:Robert.Estrin@kayescholer.com]
**Sent:** Monday, November 05, 2012 1:05 PM
**To:** Walter, Derek; Sequenom Team
**Cc:** Verinata Service
**Subject:** RE: Verinata/Sequenom - meet and confer follow-up

Derek,

Thank you for the e-mail.  It was our understanding that Verinata would follow up on our meet and confer call with a letter outlining the terms that it was confused by in Sequenom's 4-2 disclosures. You listed some examples on the call, such as "integer," "discrete," and "target," on the call, but until Verinata fully explains where its confusion supposedly remains, it will be difficult for Sequenom to address your alleged confusion.

As discussed on the call, Sequenom will supplement its non-infringement contentions in tandem with Verinata in due course.  However, it is presently unclear to us what the disputed claim construction issues are.  We note that Verinata/Stanford did not set forth a claim construction for the majority of the terms identified by Sequenom in the 4-2 disclosures, even though we had previously identified those terms as requiring construction by the Court.  We had expected Verinata/Stanford to provide a proposed construction for those terms, as Sequenom has done.  As patent owner and exclusive licensee, we would expect Stanford/Verinata to provide a proposed construction before Sequenom should be required to supplement its non-infringement contentions.

With regards to the notice of deposition of John Tynan and any further document productions from Sequenom, we will respond in a separate email.

Thank you.

Robert Estrin
**KAYE SCHOLER LLP**
1999 Avenue of the Stars | Suite 1600
Los Angeles, California 90067
T: +1 310.788.1145 | F: +1 310.229.1945
robert.estrin@kayescholer.com | www.kayescholer.com

**From:** Walter, Derek [mailto:Derek.Walter@weil.com]
**Sent:** Wednesday, October 31, 2012 10:45 PM
**To:** Sequenom Team
**Cc:** Verinata Service
**Subject:** Verinata/Sequenom - meet and confer follow-up

Robert, Stephen:

I write to follow up on our meet and confer earlier today, plus some additional outstanding issues.

First, you noted during the call that you would appreciate knowing the identity of our potential experts on claim construction.  We plan to use either Stephen Brown from the University of

Vermont or George Weinstock from Washington University in St. Louis, depending on what the disputes are. Unfortunately, the disputed issues genuinely remain unclear to us, so we are unable to be more definite at this point.

Second, we would like to move the case along diligently and steadily. To that end, we've been requesting a few modest discovery items.

Most importantly, for some time we've been asking that Sequenom supplement its non-infringement contentions. This is critical. It is important for the claim construction process. Sequenom has told us many times that it will supplement its non-infringement contentions, including on today's call. By the end of the day Thursday, please provide a date certain by which Sequenom will meaningfully supplement to set forth the non-infringement contentions of which you are aware.

Next, we noticed the deposition of John Tynan. Your team told us that we can only take his deposition in the requested time frame if we establish that it will be relevant to claim construction. Discovery is not limited to claim construction discovery. Nevertheless, we're happy to work with you to find a mutually agreeable date for the deposition, assuming that you will provide us with the same courtesy. We agree to proceed shortly after the close of claim construction discovery. Please let us know when Mr. Tynan will be available in the early January time frame.

Finally, with regard to document discovery, we've asked you to tell us if Sequenom's production is complete or, if not, when Sequenom expects to start producing additional documents. This is a reasonable request. We are at a point in the case where it is appropriate for us to either have some assurance that additional documents will be forthcoming on a reasonable time frame, or for you to let us know that Sequenom's production is complete so that we may assess the situation. We ask again that you let us know by close of business Thursday if Sequenom's production is complete. If not, please identify when additional documents will be forthcoming. We originally asked that you answer after having three business days to consider the issue. We don't see why this should have to wait another week, as you suggested in your email earlier today.

Thanks,

Derek



**Derek Walter**

Weil, Gotshal & Manges LLP
201 Redwood Shores Parkway
Redwood Shores, CA 94065-1134
derek.walter@weil.com

+1 650 802 3934 Direct
+1 650 802 3100 Fax

---

The information contained in this email message is intended only for use of the individual or entity named above. If the reader of this message is not the intended recipient, or the employee or agent responsible to deliver it to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this communication in error, please immediately notify us by email, postmaster@weil.com, and destroy the original message. Thank you.

\* \* \* \*

IRS CIRCULAR 230 DISCLOSURE:  To ensure compliance with Treasury
Department regulations, we inform you that any U.S. federal tax advice
contained in this correspondence (including any attachments) is not
intended or written to be used, and cannot be used for the purpose of (i)
avoiding penalties that may be imposed under the U.S. Internal Revenue Code or (ii) promoting, marketing or recommending to another
party any transaction or matter addressed herein.