IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., *et al.*, <br><br>　　　　Plaintiffs, <br><br>　v. <br><br>SEQUENOM, INC., *et al.*, <br><br>　　　　Defendants. | Case No. C 12-00865 SI <br> Related Cases: 11-06931, 12-00132, 12-05501 <br><br> **ORDER DENYING MOTION TO SEAL** |

　　　　Currently before the Court is Verinata's administrative motion to seal Exhibit 10 of Michele A. Gauger's Declaration in Support of Verinata and Stanford's Reply Claim Construction Brief. Exhibit 10, which is Sequenom's First Supplemental Response and Objections to Plaintiffs' Interrogatory No. 2, was designated confidential by Sequenom.

　　　　Pursuant to Civil Local Rule 79-5(d), within 7 days the party designating the document as confidential must file with the Court and serve a declaration establishing that the designated information is sealable, and must lodge and serve a narrowly tailored proposed sealing order, or must withdraw the designation of confidentiality. On July 24, 2013, Sequenom filed a declaration requesting that Exhibit 10 be sealed because it "contains non-public, confidential, proprietary, and competitively useful business information."

　　　　"A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L.R. 79-5(a). With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient

for the Court to file the documents under seal. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179-80 (9th Cir. 2006); *see also* Fed. R. Civ. P. 26(c). To show good cause, the moving party must still make a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." *Kamakana*, 447 F.3d at 1179-80; *Apple, Inc. v. Samsung Elecs. Co. Ltd.*, Case No. 11–CV–01846 LHK (PSG), 2012 WL 4120541, at *1 (N.D. Cal. Sept. 18, 2012). "Simply mentioning a general category of privilege, without any further elaboration or any specific linkage with the documents, does not satisfy the burden." *Kamakana*, 447 F.3d at 1184. Neither do "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning." *Phillips*, 307 F.3d at 1211.

The Court finds that Sequenom has not made a showing of good cause to seal Exhibit 10. It has merely asserted general categories of privilege that the document contains. Additionally, the harm asserted from disclosure, "substantial economic and competitive harm," is merely a general harm, and there is no articulated reasoning why the harm will result from disclosure. Moreover, sealing the entire document is not narrowly tailored, as it appears that at least a portion of the document contains public information.

Accordingly, the Court hereby DENIES Verinata's administration motion to seal the document. This denial is without prejudice. If Sequenom wishes to refile a motion to seal Exhibit 10, it may do so **by no later than August 5, 2013**, in a format which includes a "particularized showing" that "specific harm or prejudice will result if the information is disclosed." Such a filing would be considered by the Court before a final decision. If they do not do so, the document will be made part of the public record. This resolves Docket No. 101.

**IT IS SO ORDERED.**

Dated: July 29, 2013

SUSAN ILLSTON
United States District Judge

2