IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SEQUENOM, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 12-00865 SI<br><br>**ORDER RE: DISCOVERY DISPUTE** |

Now pending before the Court is the parties' joint discovery letter. Docket No. 169. In the letter, plaintiffs Verinata Health, Inc. ("Verinata") and the Board of Trustees of the Leland Stanford Junior University ("Stanford") request an order compelling defendants Sequenom, Inc. ("Sequenom") and Sequenom Center for Molecular Medicine, LLC ("Sequenom CMM") to produce custodial documents from ten custodians per defendant. In the alternative, plaintiffs request that the Court order the parties to adopt a limit of fourteen custodians per side.

**BACKGROUND**

This is a patent infringement action. Plaintiffs Verinata and Stanford accuse Sequenom's Harmony™ Prenatal Test of infringing U.S. Patent No. 7,888,017 ("the '017 patent"), U.S. Patent No. 8,008,018 ("the '018 patent"), and U.S. Patent No. 8,195,415 ("the '415 patent").[1] Docket No. 34, First Amended Complaint.

---

[1] The present action is related to three other patent infringement actions before the Court: *Ariosa v. Sequenom*, 11-cv-6391; *Natera v. Sequenom*, 12-cv-132; and *Verinata v. Ariosa*, 12-cv-5501. Case Nos. 11-cv-6391 and 12-cv-132 are currently on appeal before the Federal Circuit.

**United States District Court**
For the Northern District of California

On August 1, 2012, the Court approved the parties' stipulated document production order ("DPO"). Docket No. 47. The order contained the following provision: "Email and custodial ESI [electronically stored information] production shall be limited to a total of no more than ten custodians and ten search terms/phrases per custodian **per Party**." *Id.* at 6 (emphasis added). On December 20, 2013, Verinata and Stanford served their final set of custodial ESI requests on Sequenom and Sequenom CMM, bringing the total number of their custodial requests to twenty (ten served on Sequenom and ten served on Sequenom CMM). Shortly thereafter, Sequenom and Sequenom CMM objected to the requests and stated that Verinata and Stanford could only obtain documents from ten total custodians. By the present discovery letter, the parties dispute whether Sequenom and Sequenom CMM are considered separate parties under the DPO.

**DISCUSSION**

Verinata and Stanford argue that the DPO clearly states that Sequenom and Sequenom CMM are separate parties. Docket No. 169 at 1. The Court disagrees. The relevant language of the DPO provides: "Plaintiffs and Counterclaim-defendants Verinata Health, Inc., and The Board of Trustee of The Leland Stanford Junior University, Defendant and Counterclaim-plaintiffs, Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC and Nominal Counterclaim-defendant Isis Innovation Limited (collectively, the 'Parties') agree . . . ." Docket No. 47 at 1. This language does not clearly state that Sequenom and Sequenom CMM are considered separate parties under the agreement and is at best ambiguous.[2] A review of the record in this action shows that plaintiffs have treated Sequenom and Sequenom CMM as one party for discovery purposes in this litigation. Indeed, in the discovery requests at issue, plaintiffs refer to the two entities collectively as "Sequenom" and make no distinction between the two companies in the requests. *See* Docket No. 169 Exs. A-C. Further, the parties' joint statement regarding discovery coordination in this case refers to Sequenom and Sequenom CMM collectively as "Sequenom" and treats the two entities as one party for the purposes of that agreement. Docket No. 49 at 1, 4. In addition, Sequenom notes that when it served its initial disclosures in June

---

[2] Indeed, the Court notes that the DPO uses the word "Defendant" when referring to both Sequenom and Sequenom CMM. Docket No. 47 at 1.

2

2012 on behalf of Sequenom, Inc. only and not Sequenom CMM, plaintiffs never asserted that Sequenom CMM needed to serve a separate set of initial disclosures. That plaintiffs have treated Sequenom and Sequenom CMM as one party for discovery purposes is strong evidence that the parties did not intend for Sequenom and Sequenom CMM to be treated as separate parties under the DPO. Therefore, the Court interprets the DPO to allow for only a total of ten custodial requests from Sequenom/Sequenom CMM.

The Court rejects plaintiffs' argument that this interpretation of the DPO creates a 2:1 discovery imbalance in favor of Sequenom/Sequenom CMM. Under the DPO, plaintiffs could serve a total of twenty custodial requests (ten on Sequenom/Sequenom CMM and ten on Isis), and defendants also could serve a total of twenty custodial requests (ten on Verinata and ten on Stanford). Therefore, there is no imbalance, and any mismatch in the number of requests served is simply the result of plaintiffs' decision not to serve custodial requests on Isis.[3] In addition, the Court notes that in the discovery letter plaintiffs make no attempt to explain why a total of ten custodial requests from Sequenom/Sequenom CMM is insufficient or why a total of twenty custodial requests is necessary. Accordingly, the Court declines to issue an order compelling Sequenom and Sequenom CMM to produce documents from twenty custodians.

Plaintiffs alternatively request that the Court order the parties to limit their custodial requests to 14 custodians per side. Docket No. 169 at 1. Plaintiffs' alternative request would allow plaintiffs to obtain documents from four additional Sequenom/Sequenom CMM custodians and would force defendants to reduce the total number of custodial requests that they may serve on Verinata and Stanford by six custodians. But plaintiffs have made no attempt to explain why a total of ten custodial requests from Sequenom/Sequenom CMM is insufficient. In addition, plaintiffs have not shown why it is proper to reduce the number of requests that defendants may serve on Verinata and Stanford. In the DPO, the parties agreed to twenty custodians per side (ten from Verinata; ten from Stanford; ten from Sequenom; and ten from Isis). If plaintiffs wish to modify the DPO, they must do so through a joint agreement of

---

[3] The Court notes that plaintiffs' interpretation of the DPO would create a 3:2 discovery imbalance in plaintiffs' favor.

3

the parties or by leave of court after a showing of good cause. Accordingly, the Court declines to grant this alternative request.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' request for an order compelling Sequenom and Sequenom CMM to produce documents from twenty custodians. This Order resolves Docket No. 169.

**IT IS SO ORDERED.**

Dated: February 27, 2014

SUSAN ILLSTON
United States District Judge