IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SEQUENOM, INC., et al.,<br><br>    Defendants.<br>                                / | No. C 12-00865 SI<br><br>**ORDER RE: DISCOVERY DISPUTE** |

Now pending before the Court is the parties' joint discovery letter. In the letter, plaintiffs Verinata Health, Inc. ("Verinata") and the Board of Trustees of the Leland Stanford Junior University ("Stanford") request an order compelling defendants Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC (collectively "Sequenom") to make Drs. Dennis Lo, Rossa Chui and Kwan Chee Chan available for deposition in the United States. Docket No. 176 at 1. Plaintiffs alternatively request an order precluding Sequenom from presenting these individual as trial witnesses. *Id.*

**BACKGROUND**

This is a patent infringement action. Plaintiffs Verinata and Stanford accuse Sequenom's Harmony™ Prenatal Test of infringing U.S. Patent No. 7,888,017 ("the '017 patent"), U.S. Patent No. 8,008,018 ("the '018 patent"), and U.S. Patent No. 8,195,415 ("the '415 patent").[1] Docket No. 34, First Amended Complaint.

---

[1] The present action is related to three other patent infringement actions before the Court: *Ariosa v. Sequenom*, 11-cv-6391; *Natera v. Sequenom*, 12-cv-132; and *Verinata v. Ariosa*, 12-cv-5501. Case Nos. 11-cv-6391 and 12-cv-132 are currently on appeal before the Federal Circuit.

**DISCUSSION**

By the present discovery letter, plaintiffs request that Sequenom make Drs. Dennis Lo, Rossa Chui and Kwan Chee Chan available for deposition in the United States. Docket No. 176 at 1. Plaintiffs explain that Drs. Lo, Chui, and Chan work at the Chinese University Hong Kong and that their deposition testimony is relevant because Sequenom contends that these three individuals invented the subject matter of the '415 patent, rendering the patent invalid under 35 U.S.C. § 102(g). *Id.* In response, Sequenom argues that Verinata cannot request that Sequenom produce these individuals for deposition because they are not Sequenom employees and they are foreign nationals living in Hong Kong outside the Court's subpoena power. *Id.* at 4.

Federal Rule of Civil Procedure 30(a)(1) provides: "A party may, by oral questions, depose any person, including a party, without leave of court except as provided in Rule 30(a)(2)." Federal Rule of Civil Procedure 30(b)(6) allows a party to name as the deponent an artificial entity, and the "named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf."

> Rule 30, unlike Rule 34, does not require a party to produce for deposition any person that is merely in the party's "control"; rather, if the party from whom discovery is sought is a corporation, the party seeking discovery may either designate an appropriate individual or describe the subject matter to be covered in the proposed deposition and allow the corporate deponent to designate its own spokesperson under Rule 30(b)(6). However, if the party seeking discovery chooses to designate a particular witness, the person so designated must be an officer, director, or managing agent of the corporation. If the person sought to be deposed is not an officer, director or managing agent, the person's deposition must be sought by third-party subpoena. And, if the witness is located overseas, the procedures of the Hague Convention or other applicable treaty must be utilized.

*Symantec Corp. v. Acronis, Inc.*, No. 11-cv-5310 EMC (JSC), 2013 U.S. Dist. LEXIS 17505, at *4-5 (N.D. Cal. Feb. 8, 2013) (citations omitted); *see also Avago Techs. Gen. IP PTE Ltd. v. Elan Microelectronics Corp.*, No. C04-05385 JW (HRL), 2007 U.S. Dist. LEXIS 31357, at *5 (N.D. Cal. Apr. 17, 2007) ("Avago accurately argues that the test is not 'control,' but whether the L & A attorneys are officers, directors, or managing agents of Avago. Only such high-ranking employees can be compelled to appear pursuant to a mere Rule 30 deposition notice.").

Plaintiffs have failed to provide the Court with any legal basis for requiring Sequenom to produce these witnesses for depositions. Plaintiffs do not contend that the individuals are officers,

directors, or managing agents of Sequenom. Plaintiffs merely argue that Dr. Lo is a paid consultant to Sequenom and often communicates with Sequenom. This is insufficient. *See Symantec*, 2013 U.S. Dist. LEXIS 17505, at *4-5; *Avago Techs.*, 2007 U.S. Dist. LEXIS 31357, at *5. Further, plaintiffs do not even attempt to make a connection between Sequenom and Drs. Chui and Chan. Accordingly, the Court declines to order Sequenom to produce these individuals for deposition in the United States. If plaintiffs wish to depose these third party foreign witnesses, then they must do so in accordance with the procedures for obtaining a third party deposition under the Federal Rules of Civil Procedure and the Hague Convention. *See Ubiquiti Networks, Inc. v. Kozumi USA Corp.*, No. 12-cv-2582 CW (JSC), 2013 U.S. Dist. LEXIS 53657, at *8 (N.D. Cal. Apr. 15, 2013) ("The Federal Rules of Civil Procedure and the Hague Convention provide for a mechanism by which a party can obtain a non-party's deposition in another country.").

In the joint letter, plaintiffs alternatively request that the Court should preclude Sequenom from presenting these individuals as trial witnesses. Because plaintiffs can still attempt to depose these individuals by following the procedures set forth in the Federal Rules of Civil Procedure and the Hague Convention, the Court declines to rule on this alternative request at this time.

## CONCLUSION

For the foregoing reasons, the Court DENIES plaintiffs' request for an order compelling Sequenom to make Drs. Dennis Lo, Rossa Chui and Kwan Chee Chan available for deposition in the United States. This Order resolves Docket No. 176.

**IT IS SO ORDERED.**

Dated: May 9, 2014

SUSAN ILLSTON
United States District Judge

3