IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERINATA HEALTH, INC., et al.,

    Plaintiffs,

v.

SEQUENOM, INC., et al.,

    Defendants.

No. C 12-00865 SI

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO SEAL**

On May 7, 2014, plaintiffs filed a reply in support of their motion for leave to supplement the complaint under Federal Rule of Civil Procedure 15(d). Docket No. 178. On May 7, 2014, plaintiffs also filed a motion to file under seal portions of their reply and certain exhibits filed in support of the reply. Docket No. 177. On May 12, 2014, defendants filed the declaration of Michael Malecek in support of sealing portions of plaintiffs' reply and Exhibits 7, 10-12, and 14-16 to the Declaration of Derek Walter in support of plaintiffs' reply. Docket No. 183, Malecek Decl.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations

and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. N.D. Cal. Civil Local Rule 79-5(b). Because a motion for leave to file an amended complaint is a non-dispositive motion, the "good cause" standard applies. *See Dunbar v. Google, Inc.*, No. 5:12-cv-003305-LHK, 2012 U.S. Dist. LEXIS 177058, at *66-67 (N.D. Cal. Dec. 12, 2012).

In the supporting declaration, defendants seek to seal Exhibits 7, 10-12, and 14-16 to the Walter Declaration and withdraw their confidentiality designations with respect to Exhibit 13. Docket No. 183, Malecek Decl. ¶ 14. Defendants argue that the sealable exhibits contain non-public, confidential, and in some cases proprietary and competitively useful information. *Id.* ¶¶ 7, 9, 11, 13, 16, 18, 20. Defendants argue that the public disclosure of this information may negatively impact defendants' licensing discussions with third parties and may harm their relationship with non-parties the Chinese University of Hong Kong, Dr. Yuk-Ming Dennis Lo, and Qiagen. *Id.* After reviewing the declaration, the Court concludes that defendants have shown good cause for sealing Exhibits 7, 10-12, and 14-16 to the Declaration of Derek Walter and the portions of the reply that refer to these exhibits.

In addition, defendants' request to seal Exhibits 7, 10-12, and 14-16 is narrowly tailored because it seeks to redact only the sealable information from the exhibits. Accordingly, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion to seal. Docket No. 177. Specifically, the Court grants plaintiffs' motion to seal Exhibits 7, 10-12, and 14-16 to the Declaration of Derek Walter and the portions of the reply that refer to these exhibits. The Court denies plaintiffs' motion to seal exhibit 13 and the portions of the reply that refer to this exhibit.

**IT IS SO ORDERED.**

Dated: May 14, 2014

SUSAN ILLSTON
United States District Judge