IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SEQUENOM, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 12-00865 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO SUPPLEMENT THE COMPLAINT** |

A motion by plaintiffs Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University for leave to supplement the complaint pursuant to Federal Rule of Civil Procedure 15(d) is currently scheduled for a hearing on May 23, 2014. Docket No 174. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS plaintiffs' motion for leave to supplement their complaint.

**BACKGROUND**

This is a patent infringement action. Plaintiffs accuse defendants Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC (collectively "Sequenom") of infringing U.S. Patent No. 7,888,017 ("the '017 patent"), U.S. Patent No. 8,008,018 ("the '018 patent"), and U.S. Patent No. 8,195,415 ("the '415 patent") with Sequenom's Harmony™ Prenatal Test.[1] Docket No. 34, First Amended Complaint.

---

[1] The present action is related to three other patent infringement actions before the Court: *Ariosa v. Sequenom*, 11-cv-6391; *Natera v. Sequenom*, 12-cv-132; and *Verinata v. Ariosa*, 12-cv-5501. Case Nos. 11-cv-6391 and 12-cv-132 are currently on appeal before the Federal Circuit.

Beginning in March 2013, the Patent Trial and Appeal Board ("PTAB") declared three interferences between (1) patents and patent applications listing as inventors Drs. Yuk-Ming Dennis Lo, Rossa Wai Kwun Chiu, and Kwan Chee Chan of the Chinese University Hong Kong ("CUHK")[2] and (2) patents and patent applications listing as inventors Drs. Stephen Quake and Hei-Mun Christina Fan of Stanford University. On April 7, 2014, the PTAB issued an order finding that the claims of the '018 Patent lack a sufficient written description as required by 35 U.S.C. § 112(a). Docket No. 174-2, Walter Decl. Ex. 1.

By the present motion, plaintiffs move for leave to supplement their complaint pursuant to Federal Rule of Civil Procedure 15(d), adding claims against CUHK under 35 U.S.C. § 146[3] challenging the adverse PTAB rulings. Docket No. 174, Pl.'s Mot.

## LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 15(d), "the court may, on just terms, permit a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d). "Rule 15(d) is intended to give district courts broad discretion in allowing supplemental pleadings. The rule is a tool of judicial economy and convenience." *Keith v. Volpe*, 858 F.2d 467, 473 (9th Cir. 1988); *see also LaSalvia v. United Dairymen of Ariz.*, 804 F.2d 1113, 1119 (9th Cir. 1986) ("'The purpose of Rule 15(d) is to promote as complete an adjudication of the dispute between the parties as is possible.'"). "'[A] supplemental complaint should have some relation to the claim set forth in the original pleading,' and a court may deny leave to supplement a complaint on grounds of undue delay, prejudice to the opposing party, or futility." *Riley v. Grieco*, No. C 13-4410 CW, 2014 U.S. Dist. LEXIS 4766, at \*15 (N.D. Cal. Jan. 14, 2014) (citing *Keith*, 858 F.2d at 473). "The court also may consider whether permitting the

---

[2] CUHK is the assignee of the Lo, Chiu, and Chan patent applications at issue in the interference proceedings. *See* Docket No. 174-3, Walter Decl. Ex. 2 ¶¶ 9, 10, 27, 38, 47.

[3] 35 U.S.C. § 146 provides: "Any party to a derivation proceeding dissatisfied with the decision of the Patent Trial and Appeal Board on the derivation proceeding, may have remedy by civil action, if commenced within such time after such decision, not less than sixty days, as the Director appoints or as provided in section 141 [35 USCS § 141], unless he has appealed to the United States Court of Appeals for the Federal Circuit, and such appeal is pending or has been decided."

2

supplemental pleading will promote judicial efficiency." *Mullen v. Surtshin*, 590 F. Supp. 2d 1233, 1238 (N.D. Cal. 2008) (citing *Planned Parenthood of Southern Arizona v. Neely*, 130 F.3d 400, 402 (9th Cir. 1997)). Generally, "leave to permit supplemental pleading is 'favored.'" *Neely*, 130 F.3d at 402.

## DISCUSSION

The proposed supplemental complaint is related to the claims set forth in the original pleadings. In the first amended complaint, plaintiffs accuse Sequenom of infringing the '018 patent. Docket No. 34, FAC ¶¶ 39-48. In response, Sequenom has asserted a claim for declaratory relief and an affirmative defense that the '018 patent is invalid for lack of written description. Docket No. 38, Answer ¶ 35; Docket No. 174-5, Walter Decl. Ex. 4 at 7-8. In the interference proceedings, the PTAB found that the claims of the '018 patent lack a sufficient written description as required by 35 U.S.C. § 112(a). Docket No. 174-2, Walter Decl. Ex. 1. Plaintiffs seek to add claims under 35 U.S.C. § 146 against CUHK challenging the PTAB rulings. Therefore, plaintiffs' proposed claims under 35 U.S.C. § 146 are related to the claims in the original pleadings.

Sequenom argues that plaintiffs' request should be denied because the supplemental complaint expands the lawsuit and jeopardizes the Court's schedule in this case.[4] Docket No. 175, Def.'s Opp'n at 8-12. In arguing that plaintiffs' proposed § 146 claims greatly expand the present action, Sequenom notes that plaintiffs have decided to challenge the interference rulings before a district court rather than before the Federal Circuit. Unlike a direct appeal to the Federal Circuit, "the parties before the district court are not limited to the evidentiary record before the [PTAB]." *Winner Int'l Royalty Corp. v. Wang*, 202 F.3d 1340, 1345 (Fed. Cir. 2000); *accord Agilent Techs., Inc. v. Affymetrix, Inc.*, 567 F.3d 1366, 1379 (Fed. Cir. 2009). The Federal Circuit has described a § 146 action as "a hybrid of an appeal and

---

[4] In arguing that the supplemental complaint expands the lawsuit, Sequenom notes that the proposed supplemental complaint adds infringement allegations against CUHK. Def.'s Opp'n at 3. The proposed supplemental complaint refers to Sequenom, Inc., Sequenom Center for Molecular Medicine, LLC, and CUHK collectively as "defendants" and then later alleges infringement of the patents-in-suit by "defendants." *See, e.g.*, Docket No. 174-3, Walter Decl. Ex. 2 ¶¶ 68-73. In response, plaintiffs explain that they are not seeking to supplement the complaint to add infringement allegations against CUHK, and that they are willing to modify the language used in the proposed supplemental complaint to rectify this issue. Pl.'s Reply at 2-3. Accordingly, Sequenom's arguments regarding the infringement allegations against CUHK are moot. However, the Court finds that it is appropriate to modify the language in the supplemental complaint to properly reflect that only Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC are being accused of infringement by plaintiffs, and not CUHK.

3

a trial de novo." *Estee Lauder v. L'Oreal*, 129 F.3d 588, 592 (Fed. Cir. 1997). Sequenom contends that under this standard, plaintiffs could seek to relitigate everything that happened during the PTAB proceedings, and that this would require reopening fact and expert discovery affecting the Court's current pre-trial schedule. Pl.'s Opp'n at 3-11. In response, plaintiffs reiterate that they are only seeking review by this Court of the single issued decided by the PTAB in the interferences: whether the specification of the '018 patent satisfies the written description requirement. Pl.'s Reply at 3-5. In addition, plaintiffs argue that any additional discovery related to their § 146 claims would be incremental. *Id.* at 12. The Court concludes that in these circumstances, Sequenom's concern about the effect the supplemental complaint will have on the Court's pre-trial schedule is not a valid reason for denying plaintiffs' motion. At this time, it is unclear whether the addition of plaintiffs' § 146 claims against CUHK will require a modification of the pre-trial schedule. Morever, even if circumstances were to arise later on necessitating the modification of the Court's pre-trial schedule, that issue would not be alleviated by denying plaintiffs' motion. If the Court denied the present motion and plaintiffs were required to file their 35 U.S.C. § 146 claims as a separate action, it would likely be appropriate to coordinate the present action with that separate § 146 action. Therefore, plaintiffs' § 146 claims still have the potential to affect the Court's schedule whether filed as a supplemental complaint or as a separate action.

Sequenom also argues that the proposed supplemental complaint is futile because this Court likely lacks personal jurisdiction over CUHK, and CUHK is an indispensable party. Def.'s Opp'n at 12-16. "[A] proposed amendment is futile only if no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Here, plaintiffs have provided the Court with a reasonable argument supported by Federal Circuit case law that the Court would have specific personal jurisdiction over CUHK based on its licensing activity with Sequenom, a California corporation, and Sequenom's sending of a letter asserting the potential infringement of U.S. Patent Publication No. 2009-0029377 A1, one of the CUHK applications at issue in the interferences. *See* Pl.'s Reply at 5-10 (citing *Avocent Huntsville Corp. v. Aten Int'l Co.*, 552 F.3d 1324, 1335 (Fed. Cir. 2008) ("[E]xclusive licensing agreements and other undertakings that impose enforcement obligations on a patentee or its licensee

4

reflect the kind of 'other activities' that support specific personal jurisdiction . . . ."); *Breckenridge Pharm., Inc. v. Metabolite Labs., Inc.*, 444 F.3d 1356, 1366 (Fed. Cir. 2006) ("[T]he defendant is subject to personal jurisdiction in the forum state by virtue of its relationship with its exclusive forum state licensee if the license agreement, for example, requires the defendant-licensor, and grants the licensee the right, to litigate infringement claims.")). Accordingly, the Court declines to find that the proposed supplemental complaint is futile.[5]

Finally, the Court notes that allowing plaintiffs to supplemental the complaint to add their claims under 35 U.S.C. § 146 will promote judicial efficiency as it will allow the entire controversy between these parties to be resolved in a single action. *See Neely*, 130 F.3d at 402 ("To determine if efficiency might be achieved, courts assess 'whether the entire controversy between the parties could be settled in one action.'"). Accordingly, after a review of the relevant factors, the Court concludes that it is appropriate to allow plaintiffs to file a supplemental complaint.

## CONCLUSION

For the foregoing reasons and for good cause shown, the Court GRANTS plaintiffs' motion for leave to supplement the complaint, with the revisions suggested at footnote 4 above. Plaintiffs must file their supplemental complaint within fourteen (14) days from the date this order is filed. This order resolves Docket No. 174.

**IT IS SO ORDERED.**

Dated: May 14, 2014

SUSAN ILLSTON
United States District Judge

---

[5] Although the Court concludes that the proposed supplemental complaint is not futile, this holding is without prejudice to CUHK challenging personal jurisdiction at a later stage in the litigation through a motion to dismiss or other appropriate motion.

5