IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERINATA HEALTH, INC., et al.,

    Plaintiffs,

  v.

SEQUENOM, INC., et al.,

    Defendants.

No. C 12-00865 SI

**ORDER RE: DISCOVERY DISPUTE**

Now pending before the Court is the joint discovery letter filed by defendants Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC (collectively "Sequenom") and non-party Ariosa Diagnostics, Inc. ("Ariosa"). Docket No. 189. In the letter, Ariosa requests that the Court quash a deposition subpoena that Sequenom served upon Ariosa on May 6, 2014. *Id.* at 1. For the reasons set forth below, the Court GRANTS Ariosa's request to quash the subpoena.

**BACKGROUND**

This is a patent infringement action. Plaintiffs Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") accuse Sequenom's Harmony™ Prenatal Test of infringing U.S. Patent No. 7,888,017 ("the '017 patent"), U.S. Patent No. 8,008,018 ("the '018 patent"), and U.S. Patent No. 8,195,415 ("the '415 patent").[1] Docket No. 34, First Amended Complaint. On May 6, 2014, Sequenom served a deposition subpoena on non-party Ariosa pursuant to Federal Rule of Civil Procedure 45, requesting that Ariosa produce a 30(b)(6) witness who is able to testify to nine topics related to a variety of financial matters. Docket No. 189-1.

---

[1] The present action is related to three other patent infringement actions before the Court: *Ariosa v. Sequenom*, 11-cv-6391; *Natera v. Sequenom*, 12-cv-132; and *Verinata v. Ariosa*, 12-cv-5501. Case Nos. 11-cv-6391 and 12-cv-132 are currently on appeal before the Federal Circuit.

**LEGAL STANDARD**

"[P]re-trial discovery is ordinarily 'accorded a broad and liberal treatment.'" *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense . . . . Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

Pursuant to Federal Rule of Civil Procedure 45(a)(1)(B), a party may serve a subpoena upon a non-party, commanding the non-party to attend a deposition. Fed. R. Civ. P. 45(a)(1)(B). Upon receipt of the subpoena, the non-party may file a motion to quash or modify the subpoena. Fed. R. Civ. P. 45(d)(3); *S.E.C. v. CMKM Diamonds, Inc.*, 656 F.3d 829, 832 (9th Cir. 2011). Under Rule 45(d)(3)(A)(iv), a district court must quash or modify a subpoena that "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iv). Further , under Rule 45(d)(3)(B), a district court may quash or modify a subpoena if the subpoena requires "(i) disclosing a trade secret or other confidential research, development, or commercial information; or (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party."

The party seeking to quash a subpoena bears the "burden of persuasion." *In re Apple Inc.*, No. MISC 12-80013 JW, 2012 U.S. Dist. LEXIS 66669, at *4 (N.D. Cal. May 2, 2012); *Moon v. SCP Pool Corp.*, 232 F.R.D. 633, 637 (C.D. Cal. 2005). A district court "has wide discretion in controlling discovery" and "will not be overturned unless there is a clear abuse of discretion." *Little v. City of Seattle*, 863 F.2d 681, 685 (9th Cir. 1988).

**DISCUSSION**

Ariosa contends, and Sequenom does not appear to contest, that the subpoena seeks highly sensitive confidential information, including information related to Ariosa's sales, marketing, pricing strategies, and its view of the market. Therefore, under Rule 45(d)(3)(B)(i), the Court may quash or modify the subpoena. In addition, portions of the subpoena appear to require that Ariosa disclose unretained expert opinions. For example, the subpoena seeks "Ariosa's view of the composition and

1 dynamics of the market in which Ariosa participates with its Harmony Prenatal Test" and seeks
2 "Ariosa's understanding as to how its plans and policies compare to those of Natera, Verinata, or
3 Sequenom." Docket No. 189-1 at 2-3. Therefore, under Rule 45(d)(3)(B)(ii), the Court may quash or
4 modify these portions of the subpoena.

5 Once the non-party shows that the requested information falls under Rule 45(d)(3)(B)(i) or (ii),
6 "the burden shifts to the requesting party to show a 'substantial need for the testimony or material that
7 cannot be otherwise met without undue hardship; and [to] ensure[] that the subpoenaed person will be
8 reasonably compensated.'" *In re Subpoena of DJO, LLC*, 295 F.R.D. 494, 497 (S.D. Cal. 2014)
9 (quoting Fed. R. Civ. P. 45(d)(3)(C)(i),(ii)); *accord Katz v. Batavia Marine & Sporting Supplies, Inc.*,
10 984 F.2d 422, 425 n.1 (Fed. Cir. 1993). Moreover, the information requested in the subpoena "should
11 be narrowly drawn to meet [that] specific need[] for information." *Convolve, Inc. v. Dell, Inc.*, No. C
12 10-80071 WHA, 2011 U.S. Dist. LEXIS 53641, at *7 (N.D. Cal. May 9, 2011). Here, Sequenom has
13 failed to show a substantial need for the requested information. Sequenom argues that the requested
14 financial information is relevant to rebutting Verinata's assertion that it is entitled to lost profits.[2]
15 Docket No. 189 at 4-5. Sequenom contends that certain Verinata witnesses have made statements at
16 their depositions regarding Ariosa, which Sequenom does not posses the necessary evidence to rebut.
17 *Id.* at 4. Although it appears that the requested information may be relevant to the determination of lost
18 profits, Sequenom has failed to explain why this specific information requested in the subpoena is
19 needed to rebut Verinata's lost profits case, particularly in light of the fact that Ariosa has already
20 produced to Sequenom several confidential financial documents pursuant to an earlier served document
21 subpoena. Sequenom refers to certain statements made by Ariosa witnesses, but Sequenom fails to

---

[2] "To recover lost profits damages, the patentee must show a reasonable probability that, 'but for' the infringement, it would have made the sales that were made by the infringer." *Rite-Hite Corp. v. Kelley Co.*, 56 F.3d 1538, 1545 (Fed. Cir. 1995) (en banc). The common way of making this showing is for a patent owner to "prove: (1) demand for the patented product, (2) absence of acceptable noninfringing substitutes, (3) his manufacturing and marketing capability to exploit the demand, and (4) the amount of the profit he would have made." *Panduit Corp. v. Stahlin Bros. Fibre Works, Inc.*, 575 F.2d 1152, 1156 (6th Cir. 1978); *accord Rite-Hite*, 56 F.3d at 1545.

3

provide an explanation of how the requested deposition topics relate to those statements and why the financial documents it has already obtained from Ariosa are insufficient to rebut those statements.[3]

Moreover, the primary information that Sequenom appears to seek would require Ariosa to act as an unpaid expert witness for one of its competitors. For example, the first two topics mentioned by Sequenom in the discovery letter are: "(1) whether Sequenom's sales would have gone to Ariosa, Verinata, or others <u>based on Ariosa's unique understanding of the market</u> and discussions with customers; (2) whether other tests, including Ariosa's Harmony Test, which are not accused of infringing the Patents-in-Suit, are acceptable substitutes <u>based on Ariosa's experience in the marketplace</u> . . . ." Docket No. 189 at 4-5 (emphasis added). The Court concludes that this is an improper use of a non-party deposition subpoena. *See Convolve*, 2011 U.S. Dist. LEXIS 53641, at *6 ("The instant subpoena effectively requires non-party Seagate to act as an unpaid expert witness in support of defendants' defense against Convolve in the Texas litigation. This is an abuse of the subpoena power."); *see also American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734, 741 (Fed. Cir. 1987) ("Courts have presumed that disclosure to a competitor is more harmful than disclosure to a noncompetitor."). Accordingly, the Court grants Ariosa's request to quash the subpoena.[4]

---

[3] The Court does not find Sequenom's reliance on *DatCard Sys. v. PacsGear, Inc.*, 2011 U.S. Dist. LEXIS 67589 (D. Minn. Jun. 23, 2011) persuasive as that case involved a document subpoena, not, as in this case, a deposition subpoena served after the non-party had already complied with an earlier served document subpoena. *See id.* at *2.

[4] In the discovery letter, Sequenom states that if the Court is inclined to quash the subpoena, it requests a hearing on the matter, so that it may produce evidence at the hearing supporting its opposition, including testimony from Verinata witnesses and a letter from Natera. The Court concludes that this matter can be resolved on the papers and denies Sequenom's request for a hearing. To oppose Ariosa's request to quash the subpoena, Sequenom was required to explain why it has a substantial need for the requested discovery. That explanation should have been provided in the discovery letter and not at a later hearing.

4

**CONCLUSION**

For the foregoing reasons, the Court GRANTS Ariosa's request to quash the May 6, 2014 subpoena. This Order resolves Docket No. 189.

**IT IS SO ORDERED.**

Dated: June __, 2014

SUSAN ILLSTON
United States District Judge