United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SEQUENOM, INC., et al.,<br><br>    Defendants.<br>_____/ | No. C 12-00865 SI<br><br>**ORDER GRANTING CUHK'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION AND DENYING SEQUENOM'S MOTION FOR LEAVE TO FILE A MOTION FOR RECONSIDERATION** |

On May 30, 2014, plaintiffs Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") filed a non-joint discovery letter requesting an order compelling Sequenom to produce all allegedly privileged correspondence related to the filing prosecution of the patent applications at issue in Interference No. 105,923. Docket No. 190. On June 2, 2014, the Court ordered defendants Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC (collectively "Sequenom") to file their portion of the discovery letter responding to Verinata's request by Friday, June 6, 2014. Docket No. 193. On June 5, 2014, Sequenom filed its portion of the discovery letter arguing that Verinata's request should be denied.[1] Docket No. 196. On June 10, 2014, the Court issued an order granting Verinata's request and ordering Sequenom "to produce all allegedly privileged correspondence related to the filing and prosecution of the patent applications at issue in Interference No. 105,923." Docket No. 200.

---

[1] In its response, Sequenom provided two grounds for denial of Verinata's request: "(1) The privilege in the documents that Plaintiffs seek disclosure of belongs not to Sequenom, but to the Chinese University of Hong Kong ("CUHK"). (2) Sequenom has expressly disavowed use and reliance upon the 'Lo Correspondence' that Plaintiffs refer to." Docket No. 196 at 1.

1     By the present motions, Sequenom and the Chinese University of Hong Kong ("CUHK") each
2 seek leave to file a motion for reconsideration of the Court's June 10, 2014 order. Docket Nos. 206,
3 207. Under Civil Local Rule 7-9, the Court may grant a party leave to file a motion for reconsideration
4 if the moving party shows reasonable diligence in bringing the motion, and the party shows one of the
5 following:

> (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or
>
> (2) The emergence of new material facts or a change of law occurring after the time of such order; or
>
> (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order.

N.D. Cal. Civ. L.R. 7-9(b).

In its motion for leave, Sequenom argues that it should be granted leave to file its motion for reconsideration because there are new facts and law not previously available to the Court that would make a material difference to the Court's analysis, in particular the email at issue by Dr. Lo that resulted in the waiver. Docket No. 205 at 1-3. Under Civil Local Rule 7-9(b)(1), the Court may grant a party leave to file a motion for reconsideration if the party is able to show that "at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order." However, "[t]he party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order." *See also Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009) (stating that a motion for reconsideration "'may *not* be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation'" (emphasis in original)). Sequenom does not claim that it did not know about these new facts and new law at the time its filed its portion of the discovery letter or at the time the Court entered its June 10, 2014 order. Therefore, Sequenom has failed to show that it should be granted leave to file its proposed motion for reconsideration. Moreover, a review of Sequenom's proposed motion for reconsideration shows that is merely an attempt to relitigate the discovery letters and raise new

arguments and present new evidence that could have been raised earlier in the litigation.[2] A motion for reconsideration may not be used to "'relitigate old matters, or to raise arguments or present evidence that could have been raised'" earlier in the litigation. *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 485 n.5 (2008); *accord Marlyn Nutraceuticals*, 571 F.3d at 880. Accordingly, the Court DENIES Sequenom's motion for leave to file a motion for reconsideration. Docket No. 206.

In its motion for leave, CUHK argues that it should be granted leave to file a motion for reconsideration because, since it was not a party to the action at the time of the discovery letters, it did not participate in the briefing on the issue and the Court's order was issued without notice to it. The Court finds that these reasons provide a sufficient basis for granting CUHK leave to file its motion for reconsideration. Accordingly, the Court GRANTS CUHK's motion for leave to file its motion for reconsideration and SCHEDULES a hearing on the motion for reconsideration for **Friday, August 8, 2014** at **9:00 a.m.** Verinata must file its opposition by **July 15, 2014**. CUHK must file its reply, if any, by **July 22, 2014**. This Order resolves Docket No. 206.

**IT IS SO ORDERED.**

Dated: July 1, 2014

SUSAN ILLSTON
United States District Judge

---

[2] The Court notes that its standing order states that absent an order of the Court, parties shall not attach affidavits or exhibits to discovery letters. Docket No. 19 at 5. However, this rule did not prevent Sequenom from describing in its discovery letter the contents of the Lo email or presenting in its discovery letter the arguments related to the email that are contained in its proposed motion for reconsideration.

3