IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>   v.<br><br>SEQUENOM, INC., et al.,<br><br>    Defendants.<br>                               / | No. C 12-00865 SI<br><br>**ORDER GRANTING PLAINTIFFS' MOTION TO SEAL** |

On June 30, 2014, defendant Chinese University of Hong Kong ("CUHK") filed a motion for reconsideration of the Court's June 10, 2014 discovery order. Docket No. 207. On July 15, 2014, plaintiffs filed an opposition to CUHK's motion. Docket No. 219-4. Along with their opposition, plaintiffs also filed a motion to seal portions of the opposition and Exhibits A-E to the declaration of Derek Walter filed in support of the opposition. Docket No. 219. On September 21, 2014, Sequenom filed the declaration of Stephen Holmes in support of sealing the exhibits. Docket No. 223.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations

and citations omitted). However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient. *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access. N.D. Cal. Civil Local Rule 79-5(b). Because CUHK's motion for reconsideration of the Court's June 10, 2014 discovery order is a non-dispositive motion, the "good cause" standard applies.

To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed. *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to establish good cause. *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

Plaintiffs move to seal exhibits A-E to the Walter declaration. Docket No. 219. The Court has previously found good cause to seal the information contained in exhibits A, B, and C. Docket No. 184. Accordingly, the Court finds good cause to seal Exhibits A, B, and C and the portions of the opposition that refer to these exhibits.

In the supporting declaration, Sequenom explains that Exhibit D is excerpts from the May 8, 2012 deposition of Dereck Tatman and Exhibit E is excerpts from the May 9, 2014 declaration of Dr. Charles Cantor. Docket No. 223, Holmes Decl. ¶¶ 12, 14. Sequenom argues that the documents contain non-public, confidential, and proprietary information. *Id.* ¶ 13, 15. Sequenom argues that the public disclosure of this information poses a substantial risk of economic harm to Sequenom, including a negative impact on the relationship between Sequenom and CUHK and the relationship between Sequenom and Dr. Lo, and a risk to Sequenom's licensing negotiations with third parties and Sequenom's competitive interests. *Id.* After reviewing the declaration, the Court concludes that Sequenom has shown good cause to seal Exhibits D and E to the Declaration of Derek Walter and the portions of the opposition that refer to these exhibits.

2

In addition, plaintiffs' request to seal the opposition and Exhibits A-E is narrowly tailored because it seeks to redact only the sealable information from the documents. Accordingly, the Court GRANTS plaintiffs' motion to seal. Docket No. 219.

**IT IS SO ORDERED.**

Dated: August 8, 2014

SUSAN ILLSTON
United States District Judge