**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

VERINATA HEALTH, INC., et al.,

    Plaintiffs,

  v.

SEQUENOM, INC., et al.,

    Defendants.
                             /

No. C 12-00865 SI

**ORDER GRANTING THE PARTIES' MOTIONS TO SEAL**

On July 16, 2014, plaintiffs filed a motion to strike portions of Dr. Metzker's expert report and for the exclusion of evidence under Federal Rule of Civil Procedure 37(c). Docket No. 221-3. Along with the motion, plaintiffs filed a motion to seal Exhibit 5 to the declaration of Michele A. Gauger in support of the motion. Docket No. 221. Subsequently, Sequenom filed the declaration of K. Nicole Buck in support of sealing Exhibit 5. Docket No. 234. On July 30, 2014, Sequenom filed its opposition to plaintiffs' motion. Docket No. 232. Along with the opposition, Sequenom filed a motion to seal Exhibits B, H, and J to the declaration of Stephen Holmes in support of the opposition. Docket No. 231.

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). When applying to file documents under seal in connection with a dispositive motion, the submitting party bears the burden of "articulating compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations

and citations omitted).  However, when a party seeks to seal documents attached to a non-dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is sufficient.  *Id.* at 1179-80; *see also* Fed. R. Civ. P. 26(c).  In addition, all requests to file under seal must be "narrowly tailored," such that only sealable information is sought to be redacted from public access.  N.D. Cal. Civil Local Rule 79-5(b).  Because plaintiffs' motion to strike portions of the expert report and for the exclusion of evidence is a non-dispositive motion, the "good cause" standard applies.

To make the lower showing of good cause, the moving party must make a "particularized showing" that "'specific prejudice or harm'" will result if the information is disclosed.  *Kamakana*, 447 F.3d at 1180, 1186; *accord Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).  "Broad allegations of harm, unsubstantiated by specific examples of articulated reasoning" are insufficient to establish good cause.  *Beckman Indus., Inc. v. Int'l Ins. Co.*, 966 F.2d 470, 476 (9th Cir. 1992).

## I.   Plaintiffs' Motion to Seal

Plaintiffs move to seal portions of exhibit 5 to the Gauger declaration.  Docket No. 221.  In the supporting declaration, Sequenom explains that Exhibit 5 is a copy of Sequenom's Response and Objections to Plaintiffs' Third Set of Interrogatories.  Docket No. 234, Buck Decl. ¶ 4.  Sequenom states that this document contains non-public, confidential, and competitively useful business information regarding the royalty rates for several license agreements related to the sale of Sequenom's MaterniT21 accused product.  *Id.* ¶ 5.  Sequenom argues that the public disclosure of this information poses a substantial risk of economic harm to Sequenom by potentially having a negative impact on the relationships between Sequenom and its licensors and having a negative impact on Sequenom's future negotiations with third parties regarding intellectual property.  *Id.*  After reviewing the supporting declaration and the exhibit, the Court concludes that Sequenom has shown good cause to seal Exhibit 5 to the Gauger declaration.

In addition, Sequenom's request to seal the exhibit is narrowly tailored because it seeks to redact only the sealable information from the exhibit.  Accordingly, the Court GRANTS plaintiffs' motion to seal.

2

## II. Sequenom's Motion to Seal

Sequenom moves to seal Exhibits B, H, and J to the Holmes declaration. Docket No. 231. In the supporting declaration, Sequenom explains that Exhibit B is a chart summarizing the comparison between plaintiffs' infringement contentions and the expert report of George Weinstock. Docket No. 231, Buck Decl. ¶ 4. Sequenom argues that Exhibit B contains non-public, proprietary, and competitively useful technical information related to Sequenom's accused product, and the disclosure of this information could cause Sequenom to suffer economic harm. *Id.* ¶ 5. Sequenom explains that Exhibit H is a copy of Exhibit 125 to the deposition of Dr. Dennis Lo. *Id.* ¶ 6. Sequenom argues that Exhibit H contains non-public, proprietary, and competitively useful technical information related to Sequenom's business, and Exhibit H also contains confidential and proprietary information covered by a common interest privilege agreement between Sequenom and the Chinese University of Hong Kong ("CUHK"). Sequenom explains that Exhibit J is a copy of excerpts from the October 19, 2012 deposition of Dr. Dennis Lo. *Id.* ¶ 8. Sequenom argues that Exhibit J contains non-public and confidential information regarding the relationship between Sequenom and CUHK and the relationship between Sequenom and Dr. Lo. *Id.* ¶ 9. Sequenom argues that the public disclosure of the information in Exhibits H and J could cause it economic harm by having a negative impact on Sequenom's relationship with CUHK and Sequenom's relationship with Dr. Lo, and it could harm Sequenom's future negotiations with third parties regarding intellectual property. *Id.* ¶¶ 7, 9. After reviewing the supporting declaration and the exhibits, the Court concludes that Sequenom has shown good cause to seal Exhibits B, H, and J to the Holmes declaration. Accordingly, the Court GRANTS Sequenom's motion to seal. This order resolves Docket Nos. 221, 231.

**IT IS SO ORDERED.**

Dated: August 8, 2014

SUSAN ILLSTON
United States District Judge