United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al., | No. C 12-00865 SI |
| Plaintiffs, | **ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO STRIKE** |
| v. | |
| SEQUENOM, INC., et al., | |
| Defendants.  / | |

A motion by plaintiffs Verinata Health, Inc. and the Board of Trustees of the Leland Stanford Junior University (collectively "Verinata") to strike portions of Dr. Michael L. Metzker's expert report on invalidity and for the exclusion of evidence pursuant to Federal Rule of Civil Procedure 37(c) is currently scheduled for a hearing on August 22, 2014. Docket No. 221-3. Pursuant to Civil Local Rule 7-1(b), the Court determines that this matter is appropriate for resolution without oral argument and VACATES the hearing. For the reasons set forth below, the Court GRANTS IN PART and DENIES IN PART plaintiffs' motion to strike and DENIES as moot plaintiffs' motion for the exclusion of evidence.

**BACKGROUND**

This is a patent infringement action. Plaintiffs accuse defendants Sequenom, Inc. and Sequenom Center for Molecular Medicine, LLC (collectively "Sequenom")'s Harmony™ Prenatal Test of infringing U.S. Patent No. 7,888,017 ("the '017 patent"), U.S. Patent No. 8,008,018 ("the '018 patent"),

and U.S. Patent No. 8,195,415 ("the '415 patent").[1] Docket No. 186, First Supp. Compl. ¶¶ 54-83. In addition, plaintiffs allege claims against the Chinese University of Hong Kong pursuant to 35 U.S.C. § 146 seeking review and reversal of the Board of Patent Appeals and Interferences's decisions and judgments in Interference Nos. 105,920, 105,923, and 105,924, which held that the claims of the '018 patent lack a sufficient written description as required by 35 U.S.C. § 112(a). *Id.* ¶¶ 2, 32, 43, 52, 84-101.

On September 28, 2012, Sequenom served Verinata with its invalidity contentions pursuant to Patent Local Rule 3-3. Docket No. 221-4, Gauger Decl. Ex. 2. On February 26, 2014, the Court denied Sequenom's motion to amend its invalidity contentions because Sequenom had failed to establish its diligence in seeking amendment. Docket No. 170. On June 13, 2014, Sequenom served Verinata with the expert report of Dr. Michael L. Metzker on the invalidity of the patents-in-suit. Docket No. 221-4, Gauger Decl. Ex. 9.

By the present motion, Verinata moves to strike portions of Dr. Metzker's expert report on invalidity. Docket No. 221-3, Pl.'s Mot. In addition, Verinata requests that Sequenom be precluded pursuant to Federal Rule of Civil Procedure 37(c) from relying on testimony from or related to Dr. Yuan Gao at trial. *Id.*

**LEGAL STANDARD**

The Northern District of California's Patent Local Rules "exist to further the goal of full and timely discovery and provide all parties with adequate notice and information with which to litigate their cases." *Fresenius Med. Care Holdings, Inc. v. Baxter Int'l*, No. C 03-1431 SBA, 2006 U.S. Dist. LEXIS 90856, at *12 (N.D. Cal. May 15, 2006). "'The rules are designed to require parties to crystallize their theories of the case early in the litigation and to adhere to those theories once they have been disclosed.'" *Id.*; *accord O2 Micro Int'l, Ltd. v. Monolithic Power Sys.*, 467 F.3d 1355, 1366 & n.12 (Fed. Cir. 2006) ("The rules . . . seek to balance the right to develop new information in discovery with the need for certainty as to the legal theories.").

---

[1] The present action is related to three other patent infringement actions before the Court: *Ariosa v. Sequenom*, 11-cv-6391; *Natera v. Sequenom*, 12-cv-132; and *Verinata v. Ariosa*, 12-cv-5501. Case Nos. 11-cv-6391 and 12-cv-132 are currently on appeal before the Federal Circuit.

2

Patent Local Rule 3-3 provides:

Not later than 45 days after service upon it of the "Disclosure of Asserted Claims and Infringement Contentions," each party opposing a claim of patent infringement, shall serve on all parties its "Invalidity Contentions" which shall contain the following information:

(a) The identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious. Each prior art patent shall be identified by its number, country of origin, and date of issue. Each prior art publication shall be identified by its title, date of publication, and where feasible, author and publisher. Prior art under 35 U.S.C. § 102(b) shall be identified by specifying the item offered for sale or publicly used or known, the date the offer or use took place or the information became known, and the identity of the person or entity which made the use or which made and received the offer, or the person or entity which made the information known or to whom it was made known. Prior art under 35 U.S.C. § 102(f) shall be identified by providing the name of the person(s) from whom and the circumstances under which the invention or any part of it was derived. Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s);

(b) Whether each item of prior art anticipates each asserted claim or renders it obvious. If obviousness is alleged, an explanation of why the prior art renders the asserted claim obvious, including an identification of any combinations of prior art showing obviousness;

(c) A chart identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found, including for each limitation that such party contends is governed by 35 U.S.C. § 112(6), the identity of the structure(s), act(s), or material(s) in each item of prior art that performs the claimed function; and

(d) Any grounds of invalidity based on 35 U.S.C. § 101, indefiniteness under 35 U.S.C. § 112(2) or enablement or written description under 35 U.S.C. § 112(1) of any of the asserted claims.

Patent Local Rule 3-6 further provides that amendment of the invalidity contentions "may be made only by order of the Court upon a timely showing of good cause." To make a satisfactory showing of good cause, a party seeking to amend its invalidity contentions must show that it "acted with diligence in promptly moving to amend when new evidence is revealed in discovery." *O2 Micro*, 467 F.3d at 1363. "The party seeking to amend its contentions bears the burden of establishing diligence." *CBS Interactive, Inc. v. Etilize, Inc.*, 257 F.R.D. 195, 201 (N.D. Cal. 2009) (citing *O2 Micro*, 467 F.3d at 1366-67). If the moving party is able to establish diligence, the Court should then consider prejudice to the non-moving party in determining whether to grant leave to amend. *See O2 Micro*, 467 F.3d at 1368; *CBS Interactive*, 257 F.R.D. at 201.

Given the purpose behind the patent local rules' disclosure requirements, "a party may not use an expert report to introduce new infringement theories, new infringing instrumentalities, new invalidity

3

1 theories, or new prior art references not disclosed in the parties' infringement contentions or invalidity
2 contentions." *Asus Computer Int'l v. Round Rock Research, LLC*, No. 12-cv-02099 JST (NC), 2014
3 U.S. Dist. LEXIS 50728, at *5 (N.D. Cal. Apr. 11, 2014). "Any invalidity theories not disclosed
4 pursuant to Local Rule 3-3 are barred . . . from presentation at trial (whether through expert opinion
5 testimony or otherwise)." *Mediatek Inc. v. Freescale Semiconductor, Inc.*, No. 11-cv-5341 YGR, 2014
6 U.S. Dist. LEXIS 22442, at *3 (N.D. Cal. Feb. 21, 2014). In determining whether to strike some or all
7 of an expert report based on the failure to properly disclose a theory of infringement or invalidity, at
8 least one court in this district has framed the relevant question as: "will striking the report result in not
9 just a trial, but an overall litigation, that is more fair, or less?" *Apple Inc. v. Samsung Electronics Co., Ltd.*,
10 No. C 11-1846 LHK (PSG), 2012 WL 2499929, at *1 (N.D. Cal. Jun. 27, 2012).

## DISCUSSION

13 By the present motion, Verinata moves to strike portions of Dr. Metzker's invalidity expert
14 report on the grounds that it contains new invalidity theories that were not properly disclosed in
15 Sequenom's invalidity contentions. Pl.'s Mot. at 7-13. The Court addresses each of the challenged
16 invalidity theories in turn below.

### I.    Dr. Gao and Sequenom's § 102(g) Defense

19 Verinata requests that the Court strike from the expert report any reference to Dr. Yuan Gao to
20 prove invalidity under 35 U.S.C. § 102(g) because Sequenom failed to identify Dr. Gao in its invalidity
21 contentions. Pl.'s Mot. at 12; Docket No. 221-4, Gauger Decl. Ex. 1 at 3. Patent Local Rule 3-3(a)
22 provides: "Prior art under 35 U.S.C. § 102(g) shall be identified by providing the identities of the
23 person(s) or entities involved in and the circumstances surrounding the making of the invention before
24 the patent applicant(s)."

25 In his expert report, Dr. Metzker opines that claims 1, 3, and 5-10 of the '415 patent are invalid
26 under 35 U.S.C. § 102(g)(2). Docket No. 221-4, Gauger Decl. Ex. 9 ¶¶ 298-312. In support of this
27 contention, Dr. Metzker relies on the activities of Dr. Gao to prove reduction to practice of the invention
28 in the United States. *Id.* ¶¶ 304-08. However, Dr. Gao was not identified as a person involved in the

4

circumstances surrounding the making of the invention in Sequenom's invalidity contentions as required by Patent Local Rule 3-3(a). *See id.* Ex. 2 at 3-4 (listing only "Yuk-Ming Dennis Lo, Rossa Wai Kwun Chiu, and Kwan Chee Chan" as the inventors that conceived of and reduced to practice the invention that is being asserted as § 102(g) prior art). Sequenom never amended its contentions to identify Dr. Gao, and it only first identified him as a person involved in the making of the invention on May 15, 2014, eight days before the close of fact discovery, in a response to a targeted interrogatory served by Verinata.[2] *Id.* Ex. 5 at 7-8. Because Dr. Gao was not identified in Sequenom's invalidity contentions, Sequenom's attempt to now rely on his activities to prove reduction to practice in support of its § 102(g) defense represents an improper new theory of invalidity.

In its opposition, Sequenom argues that it is not required to prove its invalidity case or disclose specific evidence in its invalidity contentions. Def.'s Opp'n at 10-11. The Court agrees that the Local Rules governing infringement and invalidity contention do not require a party to prove its case or disclose specific evidence. *See Apple Inc. v. Samsung Elecs. Co., Ltd.*, No.: 5:12-cv-0630-LHK-PSG, 2014 U.S. Dist. LEXIS 3484, at *65 (N.D. Cal. Jan. 9, 2014); *DCG Sys. v. Checkpoint Techs., LLC*, No. C 11-03792 PSG, 2012 U.S. Dist. LEXIS 53193, at *6 (N.D. Cal. Apr. 16, 2012). However, the Patent Local Rules do require the disclosure of "the *identities* of the person(s) or entities involved in and the circumstances surrounding the making of the invention before the patent applicant(s)." Patent Local Rule 3-3(a) (emphasis added). Therefore, Sequenom was at the very least required to identify Dr. Gao by name in its invalidity contentions, but it failed to do so.

Sequenom also argues that its contentions were sufficient because it provided Verinata with documents identifying Dr. Gao during discovery and Verinata could have obtained more details about Dr. Gao and his activities during the discovery process. Def.'s Opp'n at 11-12. The Court disagrees. Sequenom's argument seeks to render to Court's Patent Local Rules governing invalidity contentions a nullity. If a party could avoid Patent Local Rule 3-3's disclosure requirements by simply pointing to documents that have been produced in discovery, then there would be no need for formal invalidity contentions. The Court's Patent Local Rules are designed to require parties to crystallize their theories

---

[2] Due to the late disclosure of Dr. Gao as a person involved in the making of the invention, Verinata was unable to serve Dr. Gao with a deposition subpoena before the end of fact discovery. *See* Pl.'s Mot. at 6; Docket No. 221-4, Gauger Decl. Exs. 6-7.

5

of the case early in the litigation and provide all parties with adequate notice of those theories. *See Fresenius*, 2006 U.S. Dist. LEXIS 90856, at *12. By not identifying Dr. Gao in its invalidity contentions, Sequenom failed to provide adequate notice of its invalidity theory, regardless of what discovery Sequenom provided to Verinata.[3] *See Apple*, 2012 WL 2499929, at * 1 ("Even if disclosed somewhere, the parties have forced each other to comb through the extraordinarily voluminous record to find them, rather than simply amending their contentions or interrogatory responses as they should. This is unacceptable. Patent litigation is challenging and expensive enough without putting one party or the other to the task of sifting through mountains of data and transcripts to glean what is at issue.").

In addition, the Court notes that Sequenom in its opposition never provides a reason why Dr. Gao could not have been identified in its invalidity contentions when they were served on September 28, 2012. Accordingly, the Court strikes all references to Dr. Gao and his activities from Dr. Metzker's invalidity report.[4] In addition, because Dr. Gao was not disclosed in Sequenom's invalidity contentions, Sequenom is barred from asserting "at trial (whether through expert opinion testimony or otherwise)"

---

[3] The Court also rejects Sequenom's contention that if Verinata wanted to learn more about Sequenom's § 102(g) defense, it should have served its targeted interrogatory regarding the defense earlier in the litigation. Def.'s Opp'n at 12. The purpose of infringement and invalidity contentions is to provide a "'streamlined' mechanism to replace the 'series of interrogatories that defendants would likely have propounded' in [their] absence." *FusionArc, Inc. v. Solidus Networks, Inc.*, No. C 06-06760 RMW (RS), 2007 U.S. Dist. LEXIS 28970, at *5-6 (N.D. Cal. Apr. 5, 2007).

[4] In its motion to strike, Verinata requests that entire paragraphs of the expert report be stricken if they contain a new invalidity theory that was not adequately disclosed in Sequenom's contentions. See Docket No. 221-4, Gauger Decl. Ex. 1. In response, Sequenom argues that if the Court deems parts of Dr. Metzker's report to improperly contain a new invalidity theory based on the failure to properly disclose a reference, only that reference should be struck, not everything else in the paragraph. Def.'s Opp'n at 24. The Court agrees with Sequenom. *See Life Techs. Corp. v. Biosearch Techs., Inc.*, 2012 U.S. Dist. LEXIS 132478, at *13 (N.D. Cal. Sept. 17, 2012) (striking only the "citations to undisclosed references" and explaining that "whole paragraphs in the report are not stricken merely because they contain a citation to an undisclosed reference").

6

a theory of invalidity under § 102(g) to the extent that theory relies on Dr. Gao or any of his activities.[5] *See Mediatek*, 2014 U.S. Dist. LEXIS 22442, at *3.

## II.     The Lo Lancet Article

Verinata requests that the Court strike from the expert report any obviousness combinations for the '017 patent and the '018 patent that contain the Lo Lancet reference because Sequenom failed to properly list the reference as relevant prior art for these two patents in its invalidity contentions. Docket No. 221-4, Gauger Decl. Ex. 1 at 1-2. Patent Local Rule 3-3(c) requires "chart[s] identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found."

In his expert report, Dr. Metzker uses obviousness combinations containing the Lo Lancet reference to opine that the asserted claims of the '017 patent and '018 patent are invalid for obviousness. *See* Docket No. 221-4, Gauger Decl. Ex. 9 ¶¶ 137, 246-49. However, in its invalidity contentions, Sequenom only listed the Lo Lancet reference as relevant prior art for the '415 patent and only provided charts on the Lo Lancet reference for that patent. *See id.* Ex. 2 App. C. Therefore, Dr. Metzker's opinions that the Lo Lancet reference along with other references renders the asserted claims of the '017 patent and the '018 patent invalid for obviousness are new theories of invalidity that were not properly disclosed in Sequenom's invalidity contentions. Accordingly, these new invalidity theories should be struck. *See, e.g.*, *Life Techs.*, 2012 U.S. Dist. LEXIS 132478, at *9 (striking from expert report invalidity opinions where the expert opined that certain prior art references rendered all four of the patents-in-suit invalid, but the defendant's invalidity charts had only asserted the references as to some of the asserted patents but not others).

In its opposition, Sequenom argues that Verinata cannot argue that it is prejudiced by Dr. Metzker's reliance on the Lo Lancet reference because the reference is a well know piece of prior art

---

[5] Along with its motion to strike, Verinata also moves pursuant to Rule 37(c)(1) to preclude Sequenom from presenting at trial any testimony from or related to Dr. Gao based on Sequenom's failure to list Dr. Gao in its Rule 26(a) disclosures. Pl.'s Mot. at 13-17. The Court has held that because Sequenom failed to disclose Dr. Gao in its invalidity contentions, Sequenom is barred from asserting at trial any theory of invalidity under § 102(g) that relies on Dr. Gao's activities. In addition, Sequenom has represented to the Court that it does not intend to call Dr. Gao as a witness at trial. Def.'s Opp'n at 8; Docket No. 232-1 Holmes Decl. ¶ 9. Therefore, Verinata's motion for the preclusion of this evidence appears to be moot. Accordingly, the Court DENIES as moot Verinata's motion for the exclusion of evidence.

and is the seminal publication for noninvasive fetal diagnostics. Def.'s Opp'n at 18-19. However, in this district, a party can only change the theories of invalidity contained in its contentions upon a showing of good cause, which requires a showing of both diligence and a lack of prejudice. *See CBS Interactive*, 257 F.R.D. at 201. If a party cannot show that it acted diligently in moving to amend its invalidity contentions, the Court need not address the issue of prejudice. *See O2 Micro*, 467 F.3d at 1368 ("Having concluded that the district court could properly conclude that O2 Micro did not act diligently in moving to amend its infringement contentions, we see no need to consider the question of prejudice to MPS."); *Acer*, 2010 U.S. Dist. LEXIS 142472, at *17 ("Because TPL has not demonstrated diligence, 'the inquiry should end.'"). Here, Sequenom has failed to show its diligence. Sequenom does not provide any explanation as to why it did not cite and chart the Lo Lancet reference in its contentions with respect to the '017 patent and the '018 patent, particularly when it is, as Sequenom contends, a "seminal" piece of prior art and Sequenom cited and charted the reference with respect to the '415 patent.

Sequenom argues that Dr. Metzker should be able to use the Lo Lancet article as foundational or background material. Def.'s Opp'n at 19. Several courts in this district have declined to strike from an expert report an undisclosed reference if the reference is only being used as background material. *See, e.g.*, *Genentech, Inc. v. Trustees of University of Pennsylvania*, No. C 10-2037 LHK (PSG), 2012 WL 424985, at *3 (N.D. Cal. Feb. 9, 2012); *Brilliant Instruments, Inc. v. GuideTech, Inc.*, No. C 09-5517 CW, 2011 U.S. Dist. LEXIS 30835, at *5-6 (N.D. Cal. Mar. 15, 2011); *Asus*, 2014 U.S. Dist. LEXIS 50728, at *30-31. Therefore, the Court concludes that Dr. Metzker may use the reference for foundational or background material. Accordingly, the Court strikes the Lo Lancet reference from the expert report to the extent that Dr. Metzker relies on it as prior art that allegedly renders the asserted claims of the '017 and '018 patents obvious. *See Brilliant Instruments*, 2011 U.S. Dist. LEXIS 30835, at *5-6. However, Dr. Metzker can rely on the Lo Lancet reference as foundational or background material. *See id.* at *6.

8

### III. References to "Repeat Masking"

Verinata requests that the Court strike from the expert report any reference to "repeat masking" because it is a new invalidity theory that was not mentioned in Sequenom's invalidity contentions. Docket No. 221-4, Gauger Decl. Ex. 1 at 1-3. In his expert report, Dr. Metzker refers to "repeat masking" in a foundational section without reference to any particular claims of the patents-in-suit. *Id.* Ex. 9 ¶¶ 84-85. As explained in the preceding section, even if this were to constitute a new theory of invalidity, Dr. Metzker would not be precluded from using it as foundational or background material. *See Genentech*, 2012 WL 424985, at *3; *Brilliant Instruments*, 2011 U.S. Dist. LEXIS 30835, at *5-6; *Asus*, 2014 U.S. Dist. LEXIS 50728, at *30-31.

Further, the Court does not find that it constitutes a new theory of invalidity. In his export report, Dr. Metzker opines that the Lo '181 application anticipates step (c) of claim 1 of the '415 patent. Docket No. 221-4, Gauger Decl. Ex. 9 ¶¶ 188-90. Dr. Metzker explains that the Lo '181 application discloses the "windows" element of claim 1(c) when "it disclose[s] counting sequence tags from chromosomes or chromosomal regions. For example, it is my opinion that the use of repeat masking of a reference genome creates [a] window to which sequence tags can be uniquely aligned." *Id.* ¶ 288. In its invalidity charts for the '415 patent, under claim 1(c), Sequenom states that the Lo '181 application satisfies this limitation because it "discloses the counting of sequence tags originating from particular chromosomal regions." *Id.* Ex. 2 App. C at 2. Therefore, the Court finds that with respect to his references to "repeat masking," Dr. Metzker is merely providing more detail as to how the prior art teaches the limitations contained in claim 1(c) of the '415 patent rather than providing a new theory of invalidity. *See Digital Reg of Texas, LLC v. Adobe Systems Incorporated*, No. CV 12-01971-CW (KAW), 2014 WL 1653131, at * 5 (N.D. Cal. Apr. 24, 2014) ("In patent litigation, expert reports are expected to provide more information than is contained in infringement contentions."). Accordingly, the Court declines to strike the references to "repeat masking" contained in Dr. Metzker's expert report.

### IV. The Seo Reference

Verinata requests that the Court strike from the expert report any obviousness combinations containing the Seo reference because Sequenom failed to properly list the reference as part of its

obviousness combinations in its invalidity contentions. Docket No. 221-4, Gauger Decl. Ex. 1 at 2. Patent Local Rule 3-3(c) requires patentees to include in their invalidity contentions "an identification of any combinations of prior art showing obviousness."

In his expert report, Dr. Metzker opines that Seo in combination with other references renders dependent claims 3 and 4 of the '018 patent obvious. Docket No. 221-4, Gauger Decl. Ex. 9 ¶¶ 268-77. Specifically, Dr. Metzker opines that the Seo reference teaches the "four-color DNA sequencing by synthesis process" limitation. *Id.* ¶¶ 273. In its invalidity claim charts, Sequenom listed the Seo reference as teaching the "four-color DNA sequencing by synthesis process" limitation contained in claims 3 and 4 of the '018 patent. *Id.* Ex. 2 App. A at 8. Although Sequenom does not expressly state in its contentions that the Seo reference is being used in combination with the other listed references to establish obviousness, *see id.* at 4-5, it is clear from claim charts that it was being used as part of an obviousness combination with the other listed references because Sequenom only lists the Seo reference as teaching that single limitation. The Court recognizes that Sequenom should have expressly stated in its contentions what obviousness combinations it was asserting. *See* Patent Local Rule 3-3(c). However, if the claim charts caused Verinata to suffer any confusion as to what particular obviousness combinations were being asserted, then the proper recourse would have been for Verinata to compel Sequenom to amend its invalidity contentions, not for Verinata to wait until expert discovery and then move to strike the expert report. *See Fenner Invs., Ltd. v. Hewlett-Packard Co.*, NO. 6:08-CV-273, 2010 U.S. Dist. LEXIS 17536, at *12 (E.D. Tex. Feb. 26, 2010) ("If Defendants were unclear as to the scope of the contentions, it was their responsibility to work with Plaintiff, informally or through motion practice, to clarify the issue."). Accordingly, the Court declines to strike from the expert report any obviousness combinations including Seo reference.

### V.   The Lo '438 Provisional Reference

Verinata requests that the Court strike from the expert report any obviousness combinations for the '415 patent containing the Lo '438 provisional reference because Sequenom failed to properly disclose these obviousness combinations. Docket No. 221-4, Gauger Decl. Ex. 1 at 3. Verinata also requests that the Court strike from the report Dr. Metzker's use of the Lo '438 provisional as § 102(g)

10

1  prior art for the '415 patent because it was not disclosed for that purpose in Sequenom's invalidity
2  contentions. *Id.*; Pl.'s Mot. at 8. Similar to the Seo reference, Sequenom cited to and charted the Lo
3  '438 provisional reference as prior art for the '415 patent, but it failed to expressly state in its
4  contentions that it was being used as part of an obviousness combination along with the other prior art
5  or that it was being used as § 102(g) prior art. *See id.* Ex. 2 at 3-4, 6-7, App. C at 4-6. Indeed,
6  Sequenom also did not expressly state that the Lo '438 provisional anticipated the claims in the '415
7  patent. *Id.* at 6. Thus, although this reference was cited to and properly charted, Sequenom failed to
8  expressly state in its contentions the purpose for which it was asserting the Lo '438 provisional
9  reference. Although this is a closer call than with the Seo reference, the Court concludes that because
10 this discrepancy should have been apparent to Verinata based on a review of Sequenom's contentions
11 and its claim charts, any potential confusion to Verinata should have been resolved by compelling
12 Sequenom to amend its contentions rather than by filing a motion to strike Dr. Metzker's report.
13 Accordingly, the Court declines to strike from the expert report any obviousness combinations
14 containing the Lo '438 provisional reference or any citations to the reference as § 102(g) prior art.[6]

## VI. The Shimkets Reference

17 Verinata requests that the Court strike from the expert report any citations to Shimkets as prior
18 art for the limitations contained in dependent claims 3 and 4 of the '018 patent and dependent claim 21
19 of the '017 patent. Docket No. 221-4, Gauger Decl. Ex. 1 at 1-2. In his expert report. Dr. Metzker
20 opines that the Shimkets reference teaches the additional limitations contained in dependent claims 3
21 and 4 of the '018 patent and dependent claim 21 of the '017 patent. *Id.* Ex. 9 ¶¶ 217-18, 270-72, 276-77.
22 As Sequenom concedes in its opposition, although Sequenom charted Shimkets as a prior art reference
23 for several other claims in the patents-in-suit, it failed to list Shimkets as teaching the additional
24 limitations contained in dependent claim 21 of the '017 patent. Pl.'s Opp'n at 22. In addition, a review

---

[6] In their briefing, the parties focus on whether Dr. Metzker is improperly asserting the Lo '438 provisional against new claims. *See* Def.'s Opp'n at 21-22; Pl.'s Reply at 7-8. However, a review of Verinata's motion shows that Verinata only moved to strike the expert report based on Dr. Metzker's use of the reference as part of obviousness combinations and as § 102(g) prior art, not because of the claims it was being asserted against. *See* Docket No. 221-4, Gauger Decl. Ex. 1 at 3; Pl.'s Mot. at 8. Moreover, Verinata has not shown in its briefing that Dr. Metzker has improperly applied this prior art reference to new claim limitations that were not disclosed in Sequenom's invalidity contentions.

11

1  of Sequenom's invalidity contentions shows that Sequenom failed to chart Shimkets as teaching the
2  additional limitations contained dependent claims 3 and 4 of the '018 patent. *See* Docket No. 221-4,
3  Gauger Decl. Ex 2 App. A at 2-3. Therefore, to the extent Dr. Metzker now contends that Shimkets
4  teaches these additional limitations, these are new invalidity theories that were not properly disclosed
5  in Sequenom's invalidity contentions. *See* Patent Local Rule 3-3(c); *Mediatek*, 2014 U.S. Dist. LEXIS
6  22442, at *12-13 ("Because Freescale never identified Bhuyan against Claim 5, it is barred under Local
7  Rule 3-3 from doing so now."). Accordingly, the Court strikes from Dr. Metzker's invalidity report any
8  citations to the Shimkets reference as teaching the additional limitations contained in dependent claims
9  3 and 4 of the '018 patent and dependent claim 21 of the '017 patent.

**VII.    The Shuber Reference and the MPS Background References**

Verinata requests that the Court strike from the expert report any reference to Shuber teaching the "identifying the chromosomes to which the sequences obtained in step [b) / c)] belong" claim limitation contained in the '018 and '017 patents because Sequenom did not disclose in its invalidity contention that this reference teaches that particular limitation. Docket No. 221-4, Gauger Decl. Ex. 1 at 1-2. Verinata also requests that the Court strike from the expert report any reference to Thornley, Shuber, Lapidus, and/or Vogelstein teaching the "conducting massively parallel DNA sequencing" claim limitation contained in the '018 and '017 patents based on the same grounds. *Id.* Patent Local Rule 3-3(c) requires "chart[s] identifying where specifically in each alleged item of prior art each limitation of each asserted claim is found."

In his expert report, Dr. Meztker opines that these references teach the above limitations. Docket No. 221-4, Gauger Decl. Ex. 9 ¶¶ 164-66, 168-69, 171, 174, 176, 250, 252-53. In its opposition, Sequenom concedes that its invalidity contentions did not disclose that these references teach these particular limitations. Def.'s Opp'n at 23-24; *see* Docket No. 221-4, Gauger Decl. Ex. 2 at App. A, B. Therefore, Dr. Metzker's attempt to use these references to satisfy those limitations represents a new theory of invalidity that was not properly disclosed in Sequenom's invalidity contentions. *See* Patent Local Rule 3-3(c). Accordingly, the Court strikes from the expert report any reference to Shuber teaching the "identifying the chromosomes to which the sequences obtained in step [b) / c)] belong"

12

claim limitation in the '018 and '017 patents. In addition, the Court strikes from the expert report any reference to Thornley, Shuber, Lapidus, and/or Vogelstein teaching the "conducting massively parallel DNA sequencing" claim limitation in the '018 and '017 patents.[7]

## VII. The Hillier Reference

Verinata requests that the Court strike the Hillier reference from the expert report because it is new piece of prior art that was not disclosed in Sequenom's invalidity contentions. Pl.'s Mot. at 12; Docket No. 221-5, Gauger Decl. Ex. 1 at 3. In its opposition, Sequenom states that it withdraws the Hillier reference from Dr. Metzker's expert report. Def.'s Opp'n at 25. Accordingly, the Court strikes the citations to the Hillier reference contained in Dr. Metzker's expert report.

## CONCLUSION

For the foregoing reasons, the Court GRANTS IN PART and DENIES IN PART Verinata's motion to strike and DENIES as moot Verinata's motion for the exclusion of evidence.[8] Docket No. 221-3.

**IT IS SO ORDERED.**

Dated: August 20, 2014

SUSAN ILLSTON
United States District Judge

---

[7] Sequenom argues that Dr. Metzker should be able to rely on the Thornley, Shuber, Lapidus, and Vogelstein references as foundational or background material. Def.'s Opp'n at 23-24. The Court agrees. *See Genentech*, 2012 WL 424985, at *3; *Brilliant Instruments*, 2011 U.S. Dist. LEXIS 30835, at *5-6; *Asus*, 2014 U.S. Dist. LEXIS 50728, at *30-31. Accordingly, Dr. Metzker can rely on the Thornley, Shuber, Lapidus, and Vogelstein references as foundational or background material.

[8] The Court notes that it rejects Sequenom's contention that the sufficiency of Verinata's infringement contentions and its expert report on infringement is relevant to the determination of whether Sequenom's expert report on invalidity improperly asserts new theories of invalidity that were not properly disclosed in Sequenom's invalidity contentions. Def.'s Opp'n at 25.