UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>SEQUENOM, INC., et al.,<br><br>    Defendants. | Case No. 12-cv-00865-SI<br><br>**GRANTING IN PART AND DENYING IN PART PARTIES' MOTIONS TO FILE UNDER SEAL**<br><br>Re: Dkt. Nos. 255, 274, 296 |

Currently before the Court are the parties' joint motions to file documents under seal in conjunction with their briefs relating to Plaintiff's motion for summary judgment. The Court finds that the parties have sufficiently justified sealing with respect to some documents, and failed to justify sealing with respect to others, as discussed below.

**LEGAL STANDARD**

With the exception of a narrow range of documents that are "traditionally kept secret," courts begin their sealing analysis with "a strong presumption in favor of access." *Foltz v. State Farm Mut. Auto. Ins.*, 331 F.3d 1122, 1135 (9th Cir. 2003). "A stipulation, or a blanket protective order that allows a party to designate documents as sealable, will not suffice to allow the filing of documents under seal." Civ. L.R. 79-5(a). When applying to file documents under seal in connection with a dispositive motion, the party seeking to seal must articulate "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure, such as the public interest in understanding the judicial process." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (internal quotations and citations omitted). Where a party seeks to seal documents attached to a non-

1  dispositive motion, a showing of "good cause" under Federal Rule of Civil Procedure 26(c) is
2  sufficient. *Id*. at 1179-80; *see also* Fed. R. Civ. P. 26(c). In addition, all requests to file under seal
3  must be "narrowly tailored," such that only sealable information is sought to be redacted from
4  public access. Civ. L.R. 79-5(b). Because a motion for summary judgment is a dispositive
5  motion, the "compelling reasons" standard applies here. *See, e.g., In re Dynamic Random Access*
6  *Memory (DRAM) Antitrust Litig.*, No. M02-1486PJH, 2007 WL 707499, at *1 (N.D. Cal. Mar. 6,
7  2007).

## DISCUSSION

Here, the parties' briefs and exhibits filed in conjunction with Verinata's Motion for summary judgment are dispositive. Accordingly, for "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure," or lack thereof, the Court concludes as follows:

| Docket No. | Document Title | Court's Ruling |
|---|---|---|
| 255-23 | Exhibit 18 | DENIED.<br>Sequenom states that it does not object to this Exhibit being filed publicly. The Court ORDERS the unredacted Exhibit 18 filed. |
| 255-31 | Exhibit 25 | DENIED.<br>Sequenom states that it does not object to this Exhibit being filed publicly. The Court ORDERS the unredacted Exhibit 25 filed. |
| 255-35 | Exhibit 28 | DENIED.<br>Sequenom states that it does not object to this Exhibit being filed publicly. The Court ORDERS the unredacted Exhibit 28 filed. |
| 274-3 | Exhibit B Part 1 | DENIED.<br>Sequenom states that this Exhibit is a copy of "Report of George M. Weinstock Ph.D. Regarding Infringement of U.S. Patent Nos. 7,888,017, 8,008,018, and 8,195,415," and contains non-public proprietary and competitively useful technical information related to the development, function and operation of Sequenom's accused products, including different product versions, algorithms, |

| | | |
|---|---|---|
| | | source code, and versions of source code.  The declaration states that the public disclosure of this information presents a substantial risk of economic harm to Sequenom.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Sequenom has not narrowly tailored its request.  Portions of Part 1 are information about the expert, general background statements about patent law and fetal genome science, quotes from published articles, and patent claims, none of which are sealable. |
| 274-5 | Exhibit B Part 3 | GRANTED.<br>Sequenom states that this Exhibit is a copy of excerpts from exhibits 4 and 5 to the Weinstock report.  Exhibit 4 is a Sequenom Clinical Laboratory Policy document that describes procedures used in performing the accused MaterniT21 test.  The declaration states the document sets out steps and procedures that competitors of Sequenom could use.  Exhibit 5 is a PowerPoint containing slides about Sequenom's "Assay concept," including specific techniques, ranges, and volumes used in Sequenom's accused process.  The declaration states that the public disclosure of this information presents a substantial risk of economic harm to Sequenom.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Sequenom has sufficiently articulated compelling reasons for sealing Exhibit B Part 3 that outweigh the public policies in favor of disclosure. |
| 274-7 | Exhibit B Part 6 | DENIED.<br>Sequenom states that this Exhibit is a copy of excerpts from the deposition transcript of Sequenom's Paul Oeth, and contains highly confidential, non-public, competitively sensitive information about alternative approaches, lab operations and procedures, commercial versions of the MaterniT21 test and important technical differences, thresholds used in the different versions and internal procedures for reviewing results, data analysis and specific technical issues relating to Sequenom's test.  The declaration states that the public disclosure of this information presents a substantial risk of economic harm to Sequenom.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Sequenom has not narrowly tailored its request.  The request includes questions posed by counsel for Verinata, |

3

| | | |
|---|---|---|
| | | objections posed by counsel for Sequenom, and several pages of deposition testimony that do not appear to contain sealable information. |
| 274-9 | Exhibit B Part 8 | DENIED.<br>Sequenom states that this Exhibit is a copy of excerpts from the deposition transcript of Cosmin Deciu, and contains highly confidential, non-public, competitively sensitive information about the source code for the MaterniT21 test, changes and versions of the test, information on performance of the test, techniques considered or used to improve the test, quality control metrics, and other highly sensitive technical discussion about the test.  The declaration states that the public disclosure of this information presents a substantial risk of economic harm to Sequenom.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Sequenom has not narrowly tailored its request.  The request includes questions posed by counsel for Verinata, objections posed by counsel for Sequenom, and sections of deposition testimony that do not appear to contain sealable information. |
| 274-11 | Exhibit B Part 10 | DENIED.<br>Sequenom states that this Exhibit is a copy of excerpts from the deposition transcripts of John Tynan and Mathias Ehrich, and part of "Sequenom's First Supplemental Response and Objections to Verinata Health, Inc.'s and the Board of Trustees of the Leland Stanford Junior University's Interrogatory No. 2."  The declaration states these excerpts contain highly confidential, non-public, competitively sensitive information about Sequenom's MaterniT21 test and alternative methods considered, different versions of the test, technical operation of the MaterniT21 test including read lengths and bioinformatics methods, and research and development of the test.  The declaration states that the public disclosure of this information presents a substantial risk of economic harm to Sequenom.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Sequenom has not narrowly tailored its request.  The request includes questions posed by counsel for Verinata, objections posed by counsel for Sequenom, interjections by the deposition officer, and sections of deposition testimony that do not appear to contain |

4

| | | | |
|---|---|---|---|
| | | | sealable information. |
| | 274-13 | Exhibit B Part 12 | DENIED.<br>Sequenom states that this Exhibit is a copy of excerpts from multiple exhibits to the Weinstock report: "Sequenom's First Supplemental Response and Objections to Verinata Health, Inc.'s Interrogatory No. 10"; excerpts from two Sequenom Clinical Laboratory Procedure documents, excerpts of a PowerPoint presentation on the concept of Sequenom's test; and the deposition transcript of Dr. Dirk van den Doom.  The declaration states these excerpts contain detail on the technical operation of Sequenom's MaterniT21 test, references to source code, details of the extraction of cell-free DNA in Sequenom's test, various confidential technical details of Sequenom's approach, an overview of an early version of the Sequenom test, differences between versions of the MaterniT21 test and specific technical issues and alternative approaches, particular procedures and software used, read lengths, and information about sequencing output.  The declaration states that the public disclosure of this information presents a substantial risk of economic harm to Sequenom.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Sequenom has not narrowly tailored its request.  The excerpt from the First Supplemental response includes non-sealable statements, Sequenom's objections, and the interrogatory question itself.  The excerpts from Dr. Dirk van den Boom's deposition includes questions posed by counsel for Verinata, objections posed by counsel for Sequenom, and sections of deposition testimony that do not appear to contain sealable information. |
| | 274-15 | Exhibit B Part 14 | DENIED.<br>Sequenom states that this Exhibit is a copy of excerpts from multiple exhibits to the Weinstock report: a Sequenom document regarding bioinformatics analysis of the MaterniT21PLUS test that contains confidential, competitively sensitive technical information; a deposition transcript of Sequenom's Dr. Sung Kim containing technical information about operations of the MaterniT21 test, different versions of the test, and algorithms and software used in the test; and "Sequenom's Second Supplemental Response and Objections to Verinata Health, Inc.'s and the Board of Trustees of the |

5

| | | |
|---|---|---|
| | | Leland Stanford Junior University's Interrogatory No. 2," describing specific details about the versions of Sequenom's accused test. The declaration states that the public disclosure of this information presents a substantial risk of economic harm to Sequenom. After reviewing the Exhibit and the attached declaration, the Court concludes that Sequenom has not narrowly tailored its request. The excerpts from Dr. Sung Kim's deposition include questions posed by counsel for Verinata, objections posed by counsel for Sequenom, and sections of deposition testimony that do not appear to contain sealable information. The supplemental interrogatory excerpt contains Sequenom's responses regarding non-infringement under the doctrine of equivalents that do not appear to be sealable. |
| 274-17 | Exhibit B Part 15 | GRANTED.<br>Sequenom states that this Exhibit is a copy of excerpts from exhibits 40, 41, and 42 to the Weinstock report. Exhibit 40 is a Sequenom Center for Molecular Medicine Laboratory Policy document that describes consumables, equipment, operational procedures, analysis procedures and quality control procedures for the MaterniT21 test. Exhibit 41 is a Sequenom technical document describing technical changes to the MaterniT21 test. Exhibit 42 is a Sequenom document setting out certain technical information relating to Sequenom's work on an assay for detecting trisomy 21. The declaration states that all the information is highly confidential and competitively sensitive, and that the public disclosure of this information presents a substantial risk of economic harm to Sequenom.<br>After reviewing the Exhibit and the attached declaration, the Court concludes that Sequenom has sufficiently articulated compelling reasons for sealing Exhibit B Part 15 that outweigh the public policies in favor of disclosure. |
| 274-19 | Exhibit C Part 1 | DENIED.<br>Sequenom states that it does not object to this Exhibit being filed publicly. The Court ORDERS the unredacted Exhibit C Part 6 filed. |
| 274-21 | Exhibit C Part 6 | DENIED.<br>Sequenom states that it does not object to this Exhibit being filed publicly. The Court ORDERS the unredacted Exhibit C Part 6 filed. |
| 274-23 | Exhibit D Part 1 | DENIED.<br>Sequenom states that it does not object to this |

| | | |
|---|---|---|
| | | Exhibit being filed publicly. The Court ORDERS the unredacted Exhibit D Part 1 filed. |
| 274-25 | Exhibit D Part 4 | DENIED. Sequenom states that it does not object to this Exhibit being filed publicly. The Court ORDERS the unredacted Exhibit D Part 4 filed. |
| 274-27 | Exhibit D Part 6 | DENIED. Sequenom states that it does not object to this Exhibit being filed publicly. The Court ORDERS the unredacted Exhibit D Part 6 filed. |
| 296-3 | The Board of Trustees of the Leland Stanford Junior University's Reply In Support of Its Motion for Summary Judgment of No Invalidity | DENIED. Sequenom states that it does not object to this Exhibit being filed publicly. The Court ORDERS the unredacted reply brief filed. |
| 296-5 | Exhibit 46 | DENIED. Sequenom states that it does not object to this Exhibit being filed publicly. The Court ORDERS the unredacted Exhibit 46 filed. |

Pursuant to Civil Local Rule 79-5(f), the Court shall not file any documents for which the parties' applications to file under seal have been denied. The submitting party may retain the document and not make it part of the record in the case, or **within 7 days** re-submit the document for filing in the public record with any necessary amendments that are consistent with this order. This order resolves all motions to seal under Docket Nos. 255, 274, and 296.

**IT IS SO ORDERED.**

Dated: April 29, 2015

_____
SUSAN ILLSTON
United States District Judge