UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VERINATA HEALTH, INC., et al.,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SEQUENOM, INC., et al.,<br><br>　　　　　Defendants. | Case No. 12-cv-00865-SI<br><br>**ORDER DENYING MOTION FOR RECONSIDERATION**<br><br>Re: Dkt. No. 347 |

## BACKGROUND

On February 2, 2015, the Court denied cross-motions for summary judgment filed by Sequenom and CHUK, and *sua sponte* stayed the action pending the Federal Circuit's resolution of the appeal from *Biogen Idec MA, Inc. v. Japanese Found. for Cancer Research*, No. CIV. 13-13061-FDS, 2014 WL 2167677 (D. Mass. May 22, 2014), which found that the proper forum for § 146 appeals from PTAB interference proceedings declared *after* September 16, 2012 is the Federal Circuit, not a district court. Docket No. 345. This Court found that if the Federal Circuit affirms the *Biogen* ruling, it would likely deprive this Court of subject matter jurisdiction over this case.[1] This Court stayed this case to "spare the parties the expense of prosecuting a trial that may ultimately prove to have been brought in the wrong forum." *Id.* at 12.

On three separate occasions counsel for CHUK communicated with counsel for Stanford in an attempt to stipulate to a request for a telephonic conference to discuss the implications of the *Biogen* decision with the Court; however the parties were not able to come to an agreement.

---

[1] The Federal Circuit heard oral argument on March 4, 2015. *See* http://www.cafc.uscourts.gov/oral-argument-recordings/2015-03-04/all

Docket No. 344. On January 30, 2015, CHUK filed an administrative motion requesting a telephonic conference to which Stanford did not respond. *Id.* Three days later, the Court issued its order staying the case which is now the subject of Stanford's motion for reconsideration.

**DISCUSSION**

Stanford brings a motion for reconsideration, contending "manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court." *See* Civil L.R. 7-9(b)(3). Stanford's motion proceeds by first arguing that the Federal Circuit may not even reach the jurisdictional question implicated in the *Biogen* decision, and by concluding with a lengthy rebuttal of the *Biogen* court's holding.[2] Neither is a proper basis to file a motion for reconsideration.

Stanford suggests that it does not appear "that this Court reviewed the appeal briefs in *Biogen* to verify the issues on appeal for itself to confirm whether the *Biogen* appeal will resolve the jurisdictional question raised by CUHK." Motion at 1-2. However, the jurisdictional question is in fact briefed at length in all three appellate briefs. *See* Motion, Exh. 1-3. Moreover, while it may be theoretically possible for the Federal Circuit to decide the *Biogen* case without addressing the jurisdictional question which bears on this action, that alone cannot serve as a proper basis for reconsideration.

"Courts have inherent power to manage their dockets and stay proceedings." *Ethicon, Inc. v. Quigg*, 849 F.2d 1422, 1426-27 (Fed. Cir. 1988) (citations omitted); *see also Clinton v. Jones*, 520 U.S. 681, 706 (1997) ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket."). Courts often stay patent cases to "avoid inconsistent results, narrow the issues, obtain guidance from the PTO, or simply…avoid the needless waste of judicial resources." *Pragmatus AV, LLC v. Facebook, Inc.*, No. 11-CV-02168-EJD, 2011 WL 4802958, at *2 (N.D. Cal. Oct. 11, 2011) (internal citations omitted). Nothing in Stanford's motion explains how the Court abused its discretion by staying the proceeding. Indeed,

---

[2] In an unrelated proceeding on December 26, 2014, the PTAB expressed approval of the *Biogen* court's reasoning. Docket No. 342, Exh. B.

its motion is nothing more than a thinly veiled expression of its disagreement with the Court's prior order. However "[a] party seeking reconsideration must show more than a disagreement with the Court's decision." *United States v. Westlands Water Dist.*, 134 F. Supp. 2d 1111, 1131 (E.D. Cal. 2001) (discussing Rule 59(e)) (internal quotations omitted). Accordingly, the Court **DENIES** Stanford's motion for reconsideration.[3]

**IT IS SO ORDERED.**

Dated: May 5, 2015

SUSAN ILLSTON
United States District Judge

---

[3] Stanford failed to request leave to file a motion for reconsideration, as required by the Local Rules. Civil L.R. 7-9(a). This serves as an independent ground for denial.